ALLAN LIPSON vs. QUEEN INSURANCE COMPANY OF AMERICA.
December 12, 1974. The plaintiff, the insured under a so-called
"Massachusetts Homeowners Policy" issued by the defendant, has
appealed from a final declaratory decree adverse to his contention
that the defendant had been obligated to defend him in an action of
tort brought against him by one Barbara Lipson (Barbara). The
policy afforded coverage against liability for "damages because of
bodily injury" but specifically excluded from that coverage "bodily
injury . . . caused intentionally by . . . the [i]nsured." The allega-
tions (never amended) of the single count of Barbara's declaration
against the plaintiff accused him of a violent and vicious assault and
battery on her, conduct clearly excluded from the coverage of the
policy. Compare *Sontag* v. *Galer,* 279 Mass. 309, 312-313 (1932);
*Bowen* v. *Lloyds Underwriters,* 339 Mass. 627, 629 (1959); see *Saba-
tinelli* v. *Butler,* 363 Mass. 565, 567-568 (1973). The defendant,
upon receipt of a copy of the declaration, properly disclaimed liability
under the policy. *Fessenden School, Inc.* v. *American Mut. Liab.
Ins. Co.* 289 Mass. 124, 130 (1935). *Magoun* v. *Liberty Mut. Ins.
Co.* 346 Mass. 677, 681 (1964). *Vappi & Co.* v. *Aetna Cas. & Sur.
Co.* 348 Mass. 427, 430 (1965). *Massachusetts Turnpike Authy.* v.
*Perini Corp.* 349 Mass. 448, 457 (1965). The record is devoid of
evidence which would support an inference that the plaintiff ever
advised the defendant, at any time prior to the settlement of the
action brought by Barbara, of his present (and still somewhat in-
articulate) contention that his conduct toward Barbara had been
other than intentional. Indeed, no real effort was made, even in
these proceedings, to provide factual support for such a dubious
contention.

*Final decree affirmed.*
*Charles F. Nayor (John F. Trefethen* with him) for the plaintiff.
*David W. Kelley* for the defendant.