[No. 4786–1.   Division One.   October 24, 1977.]

RUSSELL T. BRISCOE, ET AL, *Appellants,* v. TRAVELERS INDEMNITY COMPANY, *Respondent.*

*Koenigsberg, Brown, Sinsheimer, Stone & Meltzer, Inc., P.S.,* and *Stephen J. Hillman,* for appellants.

*Ogden, Ogden & Murphy* and *Lee Corkrum,* for respondent.

ANDERSEN, J.—

FACTS OF CASE

This is an appeal from an order granting an insurer's motion for summary judgment and dismissing an action for damages brought against it on one of its insurance policies.

Mr. and Mrs. Briscoe, and through them their minor son, Wayne, were insured by the Travelers Insurance Company under one of that company's homeowner policies. The boy badly injured a 13-year-old girl at school. The girl, through her guardian ad litem, brought suit against the Briscoes, parents and son, and the defense of that action was tendered to Travelers.

Travelers undertook the defense of the action against the parents and was ultimately successful in concluding that aspect of the personal injury litigation. Travelers, however, declined to defend the Briscoe boy on the ground that the policy did not cover him for the alleged assault and battery. Mr. and Mrs. Briscoe thereupon were required to employ independent counsel to defend their son.

The present action was commenced by the Briscoes to recover the moneys expended in defense of the personal injury action against the boy, as well as for damages claimed to have arisen from Travelers' alleged failure to handle the matter in good faith. Travelers' motion for a summary judgment of dismissal was granted in the trial court and this appeal ensued.

One ultimate issue is presented.

### ISSUE

Did the trial court err in granting summary judgment for the insurance company on the showing made?

### DECISION

CONCLUSION. The intentional tort pleaded by the injured third party against the minor insured was not an "accident" within the coverage extended by the policy issued by the insurer. The insurer was therefore under no obligation to defend the minor insured and the trial court did not err in granting a summary judgment in its favor.

The complaint filed against the insureds on behalf of the injured minor used the following terminology in alleging the Briscoe boy's misconduct:

[the injured child] was assaulted by another pupil of said school, the defendant, Wayne Briscoe.

. . .

the severe injuries sustained by said [injured] child as a result of the vicious assault and beating . . .

. . .

the assault by Wayne Briscoe, . . .

There were no allegations of negligence on the part of the boy, only allegations that he had committed an intentional tort which caused severe injuries.

The pertinent policy provisions in the Briscoes' insurance policy with Travelers are as follows:

Coverage E—Personal Liability

The Travelers will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this section applies, *caused by an*

*occurrence.* The Travelers shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent. The Travelers may make such investigation and settlement of any claim or suit as it deems expedient.

(Italics ours.) "Occurrence" is defined:

*"occurrence" means an accident,* including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage neither expected nor intended from the standpoint of the Insured; . . .

(Italics ours.)

█ The law is settled as to when a liability insurer's obligation to defend accrues:

An insurer's duty to defend arises when a complaint against its insured is filed and is to be determined from the allegations of the complaint. *Holland Am. Ins. Co. v. National Indem. Co.,* 75 Wn.2d 909, 454 P.2d 383 (1969). For the purposes of determining the duty of an insurer to defend, the allegations, if proved, must render the insurer liable under its policy. *Seaboard Sur. Co. v. Ralph Williams' Northwest Chrysler Plymouth, Inc.,* 81 Wn.2d 740, 504 P.2d 1139 (1973).

*National Steel Constr. Co. v. National Union Fire Ins. Co.,* 14 Wn. App. 573, 575, 543 P.2d 642 (1975).

Thus, on the face of the complaint and the insurance policy, it would appear that since an intentional tort was alleged rather than a negligent one, the assault is not an "accident" covered by the policy and the insurer owed no duty to defend the boy. The Briscoes, however, point to the "neither expected nor intended" language of the above clause of the policy which defines "occurrence," and argue that "it is clear as a matter of law that the allegations [of the injured child] as to the damage Wayne Briscoe caused her were neither 'expected or intended' by Wayne Briscoe." They then argue further from this that unexpected and unintentional consequences of an intentional act fall within the coverage of the Travelers' policy.

The precise definition of what an "accident" is, or when a means or cause is "accidental" within the provisions of an insurance policy, has often proved troublesome as the number of cases on the subject well attests. *See United States Fidelity & Guar. Co. v. Briscoe,* 205 Okla. 618, 239 P.2d 754, 756–57 (1951).

■ After noting that the terms "accident" and "accidental means" in insurance policies have been variously defined, the Supreme Court of this state concluded:

> All of the definitions include the idea that the *means* as well as the *result* must be unforeseen, involuntary, unexpected, and unusual; that it must be a happening by chance.

(Italics ours.) *Pierce v. Pacific Mut. Life Ins. Co.,* 7 Wn.2d 151, 162, 109 P.2d 322 (1941). *Accord, Johnson v. Business Men's Assurance Co. of America,* 38 Wn.2d 245, 249, 228 P.2d 760 (1951).

The policy before us in not ambiguous. Under it, an "occurrence" covered by the personal liability provisions of the policy is "an accident . . . which results . . . in bodily injury or property damage neither expected nor intended from the standpoint of the Insured." In order for the minor insured to be covered for the consequences of his actions, his tort must have been an "accident" and the accident must have resulted in unexpected and unintentional injuries.

Where the minor insured allegedly viciously assaulted and beat another youngster, we cannot conclude that the means was accidental. *Pierce v. Pacific Mut. Life Ins. Co., supra; Johnson v. Business Men's Assurance Co. of America, supra.*

Nor can we conclude from the allegations in the complaint of the injured child that the result was unexpected or unforeseen, or to use the policy language, that it was "neither expected nor intended from the standpoint of the Insured." In point is *Hartford Accident & Indem. Co. v. Krekeler,* 363 F. Supp. 354 (E.D. Mo. 1973), *rev'd on other grounds,* 491 F.2d 884 (8th Cir. 1974). The same definition

of "occurrence" was contained in the insurance policy before the court in that case as is before us here. In *Hartford,* one Donato alleged that a Mr. Krekeler, who was insured under the policy there being construed, had committed the intentional tort of battery against him. The court held:

> Krekeler argues that, while he may have intentionally struck Donato, he did so in self-defense not intending to physically injure him. Assuming that Krekeler's defense of self-defense overcomes Donato's claim, it is inescapable that Krekeler intended the movement of his own arm, the clenching of his fist, and the forceful contact between his fist and Donato's body. It belies reason to say that he did not intend to physically injure Donato. Why else the contact between fist and nose? At best, Krekeler can be heard to say that he did not intend the *extent* of Donato's injuries or that he would not have injured Donato had he not begun the altercation.

and further,

> the Court concludes that the policy definition of "occurrence", excluding intended bodily injury or property damage, excludes from coverage the claim and the damages for which Donato seeks recovery.

*Hartford Accident & Indem. Co. v. Krekeler, supra* at 357–58. *See Evans v. Metropolitan Life Ins. Co.,* 26 Wn.2d 594, 622, 174 P.2d 961 (1946).

The Briscoe boy, who allegedly committed the assault, was not covered for such conduct or its consequences under the insurance policy before us. Travelers, therefore, was under no duty to the boy to defend him in the personal injury action or to further investigate the case on his behalf. *Isaacson Iron Works v. Ocean Accident & Guarantee Corp.,* 191 Wash. 221, 231, 70 P.2d 1026 (1937); *Lawrence v. Northwest Cas. Co.,* 50 Wn.2d 282, 286, 311 P.2d 670 (1957); *National Steel Constr. Co. v. National Union Fire Ins. Co., supra.* The trial court did not err in entering a summary judgment dismissing the insured's action against the insurer. *Balise v. Underwood,* 62 Wn.2d 195, 199, 381 P.2d 966 (1963); *American Linen Supply Co.*

668

*v. Nursing Home Bldg. Corp.,* 15 Wn. App. 757, 768, 551 P.2d 1038 (1976).
Affirmed.

FARRIS, C.J., and WILLIAMS, J., concur.