AETNA CASUALTY & SURETY COMPANY, Plaintiff-Appellant, *v.* LEWIS FREYER *et al.*, Defendants-Appellees.

First District (4th Division)    No. 79-1673

Opinion filed October 9, 1980.

Slovacek & Slovacek, of Crystal Lake (Elmer F. Slovacek, of counsel), for appellant.

Lawrence L. Kotin, of Chicago (Lawrence L. Kotin and Michael W. Rathsack, of counsel), for appellees.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The defendant, Lewis Freyer, was sued for maliciously assaulting another person and maliciously damaging certain property. His insurer filed an action for declaratory judgment seeking a declaration of no coverage. The trial court ruled that the insurer was required to provide a defense. We disagree and reverse.

Shirley Kleinman filed an action against defendant alleging in count I that on June 25, 1974, he wrongfully and violently assaulted her, struck her with his fists in the face and on the body, blacking an eye, bruising and injuring her head and face and tearing out some of her hair; that on

November 28, 1974, the defendant violently assaulted plaintiff and wrongfully struck her with his fist injuring her face; that these assaults and batteries were wanton, wilful and malicious on the part of the defendant. She prayed for compensatory and punitive damages and asked the court to find that malice was the gist of the action. In count II of the complaint, she alleged that on June 25, 1974, defendant entered her premises where he violently, wantonly, wilfully and wrongfully proceeded to destroy and remove the plaintiff's telephone from the wall. The plaintiff again prayed for compensatory and punitive damages and asked the court to find that malice was the gist of the complaint.

Defendant's insurer, Aetna Casualty & Surety Company, sought a declaratory judgment that there was no coverage and therefore no duty either to defend or to indemnify. The trial court dismissed the action, without prejudice, as being premature. The appellate court dismissed the insurer's appeal for want of jurisdiction, there being no final order. However, the Illinois Supreme Court in a supervisory order remanded the cause to the trial court with directions to overrule the motion to dismiss the complaint and hear the case. The trial court on remand ruled that the insurer was required to provide a defense in the tort action and the insurer again appealed. In the interim, the tort-plaintiff dismissed her complaint. Accordingly, the only issue before this court is whether the insurer is liable for the costs of defense.

■■ The policy insures against liability caused by an occurrence. An occurrence is defined as an accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage. This extension of coverage from "accidents" to "occurrences" has been considered to broaden coverage, and eliminates the need for an exact finding as to the cause of damages so long as they are neither expected nor intended from the standpoint of the insured. (7A Appleman, Insurance Law and Practice §4493 (1979).) Nevertheless, the occurrence must still be accidental. An accident has been defined as an unforeseen occurrence, usually of an untoward or disastrous character or an undesigned sudden or unexpected event of an inflictive or unfortunate character. The natural and ordinary consequences of an act do not constitute an accident. (*Farmers Elevator Mutual Insurance Co. v. Burch* (1962), 38 Ill. App. 2d 249, 187 N.E.2d 12.) An injury caused by an assault and battery normally is not considered to be accidental (*Briscoe v. Travelers Indemnity Co.* (1977), 18 Wash. App. 662, 571 P.2d 226), even if the specific injury was not intended. *Hartford Fire Insurance Co. v. Spreen* (Fla. App. 1977), 343 So. 2d 649.

In addition, insurance companies, in order to make this limitation of coverage absolutely clear and inescapable, include an exclusion for "intentional injuries" caused by the insured. This intentional injury exclu-

sion is necessary to the insurer to enable it to set rates and supply coverage only if losses are uncertain from the standpoint of any single policyholder. If a single insured is allowed through intentional acts to consciously control risks covered by the policy, the central concept of insurance is violated. (7A Appleman, Insurance Law and Practice §4492.01. (1979).) The word "intent" for purposes of exclusionary clauses in insurance policies denotes that the actor desires to cause the consequences of his action or believes that the consequences are substantially certain to result from it. (7A Appleman, Insurance Law and Practice §4492.02 (1979); *Hanover Insurance Group v. Cameron* (1973), 122 N.J. Super. 51, 298 A.2d 715.)

■■ The policy in this case did more than exclude intentional injuries. It excluded coverage for liability for bodily injury or property damage "which is either expected or intended from the standpoint of the insured." We agree with Justice Moran in *Farmers Automobile Insurance Association v. Medina* (1975), 29 Ill. App. 3d 224, 329 N.E.2d 430, that these two words "intended" and "expected" cannot be treated as synonymous since if they were there would be no reason for the insurer to have modified the insurance clause by adding the word "expected." Even where the damages are not accomplished by design or plan (not intended), they may be of such a nature that they should have been reasonably anticipated (expected) by the insured. In any event, it has been recognized that damages caused by an assault and battery normally fall under an exclusion of intentional injuries or injuries intended or expected whether or not the injury was greater than that intended. (*Hins v. Heer* (N.D. 1977), 259 N.W.2d 38; *Hartford Fire Insurance Co. v. Spreen* (Fla. App. 1977), 343 So.2d 649; *Iowa Kemper Insurance Co. v. Stone* (Minn. 1978), 269 N.W.2d 885; *Wendell v. Union Mutual Fire Insurance Co.* (1963), 123 Vt. 294, 187 A.2d 331; *MacDonald v. United Pacific Insurance Co.* (1957), 210 Or. 395, 311 P.2d 425.) As the latter case pointed out at 210 Or. 395, 399, 311 P.2d 425, 426-27:

> "The allegation of plaintiff's complaint that he was sued for assault and battery amounts to an allegation that he was charged with committing a criminal act, in other words, that he was guilty of an intentional attempt by force and violence to do an injury to the person of another, coupled with the present ability to carry the intention into effect, and consummated by hostile unpermitted physical contact with the person. *Smallman v. Gladden,* 206 Or. 262, 291 P.2d 749; *State v. Enloe,* 147 Or. 123, 31 P. 772. The intent to do harm *is* of the very essence of an assault. 4 Am.Jur. 125, Assault and Battery, §2. The policy clearly excludes from its coverage 'injury * * * caused intentionally by * * * the insured.' If therefore, the plaintiff was in fact guilty of assault and battery

and if, on suit by the injured party he was found liable for damages, the insurance company would not be obligated to pay such damages."

Likewise, damage directly resulting from the intentional destruction or removal of property is not covered both because it is not accidental and because it falls under the policy exclusion. See, for example, *General Insurance Co. of America v. Palmetto Bank* (1977), 268 S.C. 355, 233 S.E.2d 699; *Argonaut Southwest Insurance Co. v. Maupin* (Tex. 1973), 500 S.W.2d 633.

■■ In Illinois an insurer only has a duty to defend when the complaint alleges facts which bring the case within or potentially within the policy coverage (*Hawkeye Security Insurance Co. v. Hodorowicz* (1980), 84 Ill. App. 3d 948, 406 N.E.2d 146; *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 387 N.E.2d 700, *appeal denied* (1979), 79 Ill. 2d 617; *Chambers Gasket & Manufacturing Co. v. General Insurance Co. of America* (1975), 29 Ill. App. 3d 998, 331 N.E.2d 203), unless the insurer has knowledge of true although unpleaded facts which, when taken together with the complaint's allegations, indicate that the claim is within or potentially within the policy coverage. (*Associated Indemnity Co. v. Insurance Co. of North America* (1979), 68 Ill. App. 3d 807, 386 N.E.2d 529, *appeal denied* (1979), 75 Ill. 2d 589; *La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446, 408 N.E.2d 928.) Since the insurer is not required to defend claims arising outside the policy coverage (*Dorre v. Country Mutual Insurance Co.* (1977), 48 Ill. App. 3d 880, 363 N.E.2d 464, *appeal denied* (1977), 66 Ill. 2d 629), it is generally recognized that an insurer has no obligation to defend against a complaint alleging solely an assault and battery or other intentionally inflicted injury or property damage and not also alleging negligence. *Badger Mutual Insurance Co. v. Murry* (1977), 54 Ill. App. 3d 459, 370 N.E.2d 295; *Farmers Automobile Insurance Association v. Medina* (1975), 29 Ill. App. 3d 224, 329 N.E.2d 430; *MacDonald v. United Pacific Insurance Co.* (1957), 210 Or. 395, 311 P.2d 425; *Briscoe v. Travelers Indemnity Co.* (1977), 18 Wash. App. 662, 571 P.2d 226; *Harbin v. Assurance Co. of America* (10th Cir. 1962), 308 F.2d 748; *City of Burns v. Northwestern Mutual Insurance Co.* (1967), 248 Or. 364, 434 P.2d 465 (allegation act malicious); *Lipson v. Queen Insurance Co. of America* (1974), 2 Mass. App. 901, 319 N.E.2d 915; 7C Appleman, Insurance Law and Practice §4685.01 (1979); Annot., 2 A.L.R.3d 1238 (1965).

■■ Despite the fact that the Illinois Supreme Court clearly ruled in *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24, that a count alleging assault alleged only intentional injuries not covered by the policy, the defendant contends that the insurer here was required

to defend, arguing that the insurer can only escape liability if it is shown that the insured subjectively intended bodily injury or property damage, that the complaint did not allege such intent, and that the subjective intent would not have been judged until trial of the underlying case. The defendant overlooks the fact that the claim for personal injuries was only for assault and battery and that the tort-plaintiff did not in separate counts, as did the plaintiff in *Maryland Casualty Co. v. Peppers*, allege separate claims for wilful and wanton or negligent conduct; that the complaint in both counts asked the court to find that malice was the gist of the action; and that the policy excluded injuries and damages expected by the insured.

■■ As already discussed, malice or an intention to injure is the gist of an action for assault and battery (3 Ill. L. & Prac. *Assault and Battery* §12 (1953)), and, for this reason, claims for damages arising out of an assault and battery are not covered. In this case, the tort-plaintiff specifically alleged, both in the claim to recover for assault and battery and in the claim to recover for property damage, that malice was the gist of the action. "Malice" is defined by Black's Law Dictionary (4th ed. 1951) as "the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent." Malice has been defined in Illinois cases as "an intent to do wrongful harm and injury and without just cause" (*Candalaus Chicago, Inc. v. Evans Mill Supply Co.* (1977), 51 Ill. App. 3d 38, 47, 366 N.E.2d 319, 326); "a wrong inflicted on another with an evil intent or purpose * * * [requiring] the intentional perpetration of an injury or wrong on another" (*First National Bank v. Burkett* (1882), 101 Ill. 391, 394); "an intent to do a wrongful harm and injury" (*Doremus v. Hennessy* (1898), 176 Ill. 608, 615, 52 N.E. 924, 926). Thus it is clear that in alleging that malice was the gist of both causes of action, the tort-plaintiff was alleging that the insured intended to injure the tort-plaintiff. Finally, the injuries alleged by the tort-plaintiff, injuries to the head and face arising out of the assaults and damages to the property arising out of the destruction and removal of the telephone, could not be considered as unexpected results of the defendant's actions.

*Aetna Casualty & Surety Co. v. Dichtl* (1979), 78 Ill. App. 3d 970, 398 N.E.2d 582, relied upon by the insured is not in point. The tort-plaintiff in that case alleged that the tort-defendant killed her husband while in the state of legal insanity. Since, as that court correctly ruled, the insured's conduct would not fall within the exclusion if, at the time she inflicted the injuries upon her husband, she lacked the mental capacity necessary to form the intention to harm him or the expectation of his injury, the insurer was obligated to defend. In the case before us, the allegations, far from

showing a possibility of coverage, alleged a cause of action clearly outside the policy coverage.

Accordingly, the judgment of the trial court is reversed.

Reversed.

JOHNSON and JIGANTI, JJ., concur.