26 June 2000

NO. 4-99-0069

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

STATE FARM FIRE and CASUALTY COMPANY, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

) Logan County

GEORGE G. LEVERTON, as Father and Next ) No. 95MR39

Friend of TIFFANY NICHOLE LEVERTON, )

and GEORGE G. LEVERTON, Individually, ) 

Defendants-Appellants, ) 

and ) Honorable

JEFF PRESSWOOD, ) David L. Coogan,

Defendant. ) Judge Presiding.

_________________________________________________________________

PRESIDING JUSTICE COOK delivered the opinion of the court:

Defendants, George Leverton, as father and next friend of Tiffany Nichole Leverton and individually, appeal from the circuit court's declaratory judgment that State Farm had no duty to indemnify its insured, Jeff Presswood, for injuries that he, Leverton, received during a barroom scuffle between the two men.  Leverton argues that State Farm's coverage exclusion for inten

tional conduct is inapplicable because Presswood's acts were negligent, rather than intentional.  We affirm.    

I. BACKGROUND

In June 1994, Presswood was in the Alley Bi Saloon in Lincoln, Illinois.  Leverton arrived, accompanied by Shannon Follis, Presswood's former girlfriend.  Follis approached Presswood and asked him to speak with her outside in the alley.  Presswood accompanied Follis outside and stood with his back to the alley door as they spoke.  Leverton watched them through the back door, eventually exiting and stating, "havin' a fuckin' problem?"  Although Leverton denies being the aggressor, Press-

wood testified that Leverton shoved him in the back, causing Presswood to bump into Follis.  According to Presswood, he turned quickly and, in a backhand motion, swung the beer bottle in his right hand in the direction of the shove.  Leverton was struck in the face with the beer bottle and injured.  Presswood was charged with aggravated battery after the incident and ultimately con

victed.  

In November 1994, Leverton filed a two-count civil complaint against Presswood.  Count I of the civil complaint alleged that Presswood "violently assaulted" Leverton and "wrong

fully struck him *** with a beer bottle," constituting a "willful and malicious" assault and battery.  Count II alleged that Presswood 
negligently
 swung the beer bottle while in close proximity to Leverton, creating an unreasonably dangerous condi

tion.

Presswood tendered the defense in the civil action to State Farm, his homeowner's insurer.  State Farm defended under a reservation of rights and filed this declaratory judgment action.  State Farm sought a ruling that it was not required either to defend or indemnify Presswood under his homeowner's policy because Presswood's acts were intentional and excluded from coverage.

State Farm moved for summary judgment and the motion was initially denied.  However, on a motion for reconsideration, the circuit court reversed its prior ruling, granting summary judgment to State Farm.  On appeal, we reversed and remanded because the ruling was premature. 
 The circuit court was obli

gated to abstain from deciding the coverage issue in the declara

tory judgment action until the culmination of Leverton's civil suit.  
State Farm Fire & Casualty Co. v. Leverton
, 289 Ill. App. 3d 855, 683 N.E.2d 476 (1997). 

Leverton's civil case against Presswood proceeded to trial.  Before trial, Leverton voluntarily dismissed the count alleging "willful and malicious" assault and battery, leaving only the negligence count at issue.  The jury found Presswood at fault, rendering a verdict in the amount of $160,889.66.  The jury reduced Leverton's recovery by 10%, finding him contributorily negligent. 

Subsequently, the trial court conducted a bench trial in this declaratory judgment action.  On June 5, 1998, the court entered judgment in favor of Presswood and against State Farm.  After reviewing the record and the testimony at trial, the circuit court concluded that Leverton's injury was "due to Presswood's unreasonable use of force in self-defense and there

fore 
not
 
excluded
 from coverage."  (Emphasis added.)  State Farm again moved for reconsideration.  The circuit court ultimately agreed with State Farm and vacated its June 5, 1998, order.  

The circuit court's order of September 3, 1998, holds that Leverton's injuries were expected or intended and therefore excluded from coverage; Presswood's actions were intentional and not an "accident"; and the facts presented did not constitute an "occurrence" that would trigger coverage.  The court denied Leverton's motion to vacate the September 3, 1998, order and this appeal followed.   

II. ANALYSIS

The rules of civil procedure permit circuit courts to "make binding declarations of rights" in certain matters, includ

ing "the construction of *** [a] contract or other written instrument."  735 ILCS 5/2-701(a) (West 1998).  The grant or denial of such declaratory relief is discretionary, and we will only reverse upon a showing of an abuse of discretion.  
Bodine Electric v. City of Champaign
, 305 Ill. App. 3d 431, 435, 711 N.E.2d 471, 474 (1999).  "Abuse of discretion" means clearly against logic; the question is not whether the appellate court agrees with the circuit court, but whether the circuit court acted arbitrarily, without employing conscientious judgment, or whether, in view of all the circumstances, the court exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted.  
Bodine Electric
, 305 Ill. App. 3d at 435, 711 N.E.2d at 474. 

A. The Policy

The homeowner's policy State Farm issued to Jeffrey Presswood states in pertinent part: 

"
SECTION II--LIABILITY AND COVERAGES

COVERAGE L--PERSONAL LIABILITY

If a claim is made or a suit brought 

against an 
insured
 for damages because of 

bodily
 
injury
 or 
property
 
damage
 to which 

this coverage applies, caused by an 
occurrence
, 

we will:

(1) pay up to our limit of liability for

the damages for which the 
insured 
is legally

liable; and

(2) provide a defense at our expense by

counsel of our choice.  We may make any inves-

tigation and settle any claim or suit that we

decide is appropriate.  Our obligation to 

defend any claim or suit ends when the amount

we pay for damages, to effect settlement or

satisfy a judgment resulting from the 
occurrence
,

equals our limit of liability.

* * *

DEFINITIONS

Certain words and phrases are defined as

follows:

* * * 

(8) '
Occurrence
,' when used in section II

of this policy, means an accident, including

exposure to conditions, which results in:

(a) 
bodily
 
injury
; or

(b) 
property
 
damage
; 

during the policy period.  Repeated or contin-

uous exposure to the same general conditions 

is considered to be one 
occurrence
.

* * *

SECTION
 
II
--
EXCLUSIONS

1.  Coverage L and Coverage M do not

apply to:

 (a) 
bodily
 
injury
 or 
property
 
damage:

(1) which is either expected or intended

by an insured; or

(2) to any person or property which is 

the result of willful and malicious acts of

an insured."  (Emphasis in original.)

In sum, the policy provides coverage for any "occurrence" that results in bodily injury but excludes coverage where the bodily injury "is either expected or intended by the insured."  We must determine whether Presswood "expected or intended" to injure Leverton when he swung the beer bottle at him during the barroom scuffle. 

When construing an insurance policy, a court must apply the policy language's plain and ordinary meaning if the words are unambiguous.  However, if the words are susceptible to more than one interpretation, they are ambiguous and will be construed in favor of the insured and against the insurer who drafted the policy.  
Lincoln Logan Mutual Insurance Co. v. Fornshell
, 309 Ill. App. 3d 479, 483, 722 N.E.2d 239, 242 (1999).  After review

ing the policy at issue, we find that its terms are not ambigu

ous.  The clear language of the policy excludes coverage for bodily injury that is expected or intended.  

In fact, personal liability insurance contracts typi

cally contain exclusionary clauses for intentional misconduct. 
 Further, an agreement to indemnify against intentional misconduct would, as a general rule, be contrary to public policy and unenforceable.  
Lincoln Logan
, 309 Ill. App. 3d at 483, 722 N.E.2d at 242.  Exclusions for intentional acts are necessary to help insurers set rates and supply coverage.  If a single insured is allowed, through an intentional act, to consciously control risks covered by the policy, the central concept of insurance is violated.

B. Intentional Conduct

We recently noted that virtually all tortfeasors who embark upon a course of conduct act "intentionally" in some measure.  
Lincoln Logan
, 309 Ill. App. 3d at 483, 722 N.E.2d at 242.  For example, a child who accidentally hits a baseball through a neighbor's window "intended" to hit the baseball but did not intend to break the window.  We must distinguish inten

tional conduct from "accidents."

An accident has been defined as an unforeseen occur

rence, usually of an untoward or disastrous character 
or an undesigned sudden or unexpected event of an inflictive or unfor

tunate character.  
Aetna Casualty & Surety Co. v. Freyer
, 89 Ill. App. 3d 617, 619, 411 N.E.2d 1157, 1159 (1980).  The natural and ordinary consequences of an act do not constitute an accident.  Further, an injury caused by an assault and battery normally is not considered to be accidental, even if the specific injury was not intended.  
Aetna
, 89 Ill. App. 3d at 619, 411 N.E.2d at 1159.

The construction generally afforded to intentional act exclusions is to deny coverage where the insured has (1) intended to act and (2) specifically intended to harm a third party.  This construction is the most logical interpretation and best repre

sents the parties' intentions.  
Lincoln Logan
, 309 Ill. App. 3d at 483, 722 N.E.2d at 242.

Here, Presswood was convicted of aggravated battery, defined as "intentionally or knowingly caus[ing] great bodily harm, or permanent disability or disfigurement."  720 ILCS 5/12-4 (West 1994).  Courts have used convictions of criminal charges as a basis for denying insurance coverage.  See 
Shelter Mutual Insurance Co. v. Bailey
, 160 Ill. App. 3d 146, 157, 513 N.E.2d 490, 498 (1987) (battery conviction supported conclusion that insured intentionally struck plaintiff and intended the natural consequences of his act).  Criminal convictions have also been recognized as 
prima
 
facie
 evidence that the accused either intended the victim's injuries or knowingly caused them.  
State Farm Fire & Casualty Co. v. Watters
, 268 Ill. App. 3d 501, 508, 644 N.E.2d 492, 497 (1994).  The conviction is sufficient to support a finding of intentional conduct unless contradicted or explained.  
Bailey
, 160 Ill. App. 3d at 157, 513 N.E.2d at 498, citing 
Thornton v. Paul
, 74 Ill. 2d 132, 151, 384 N.E.2d 335, 343 (1978).  Thus, the party contesting coverage has the burden of showing that the insured did not intentionally cause the injury.  
Watters
, 268 Ill. App. 3d at 508, 644 N.E.2d at 497.

Leverton bore the burden of demonstrating that Presswood's acts were not intentional and thereby covered under the State Farm policy.  He and Presswood were united in their attempt to trigger coverage. Presswood testified that he swung as a reflex, in response to Leverton's shove.  At the time, Presswood did not know it was Leverton, but simply swung the beer bottle in an effort to get whoever it was that shoved him to move away.  Thus, according to Presswood, his acts were intentional, but he was simply defending himself.  Presswood's testimony regarding self-defense compels us to consider whether his conduct was an unreasonable (and possibly negligent) use of self-defense, rather than, as it appears, an intentional act.  

C. Negligent Self-Defense

Special problems arise when an insured acts with a specific intent to harm but does so in self-defense.  
Lincoln Logan
, 309 Ill. App. 3d at 484, 722 N.E.2d at 242.  When an insured acts in self-defense, he is still acting with "intent to harm."  Theoretically, he should then be denied coverage regard

less of whether his actions were reasonable or whether he in

tended a particular result.  However, in 
Blackburn v. Johnson
, 187 Ill. App. 3d 557, 543 N.E.2d 583 (1989), this court concluded that a plaintiff in a civil case involving a stabbing death could sustain a negligence action predicated upon the negligent bran

dishing of a knife or the use of excessive force in a claim of self-defense.  The theory of negligent use of force in self-

defense has been recognized in other cases as well.  See 
Topps v. Ferraro
, 235 Ill. App. 3d 43, 47, 601 N.E.2d 292, 294 (1992); 
Wegman v. Pratt
, 219 Ill. App. 3d 883, 895, 579 N.E.2d 1035, 1043-44 (1991).  While these cases are instructive, we note that they are distinguishable, as 
Blackburn
, 
Topps
, and 
Wegman
 did not involve the interpretation of an exclusionary clause in an insurance policy.      

Ultimately, an exclusionary clause in an insurance policy should be interpreted reasonably.  
Lincoln Logan
, 309 Ill. App. 3d at 484, 722 N.E. 2d at 243.  In addition, the policy must be read with reference to the facts of the case at hand.  We will also review the policy language in conjunction with the policy

holder's reasonable expectations of the coverage intended by the insurance policy.  
Cummins v. Country Mutual Insurance Co.
, 178 Ill. 2d 474, 485, 687 N.E.2d 1021, 1027 (1997).

Here, Presswood was convicted of aggravated battery.  720 ILCS 5/12-4 (West 1994).  While the conviction is not conclu

sive, it is indicative of the intentional nature of Presswood's acts.  Leverton attempts to minimize the conviction by emphasiz

ing that the jury in the civil case only found Presswood negli

gent, not guilty of an intentional tort.  We recognize this fact; however, we also note that Leverton voluntarily dismissed the count against Presswood that alleged intentional assault and battery.  The record does not disclose the reason that Leverton dismissed that count, but we suspect that it may have been an attempt to trigger insurance coverage.  See 
State Farm Fire & Casualty Co. v. Martin
, 186 Ill. 2d 367, 377, 710 N.E.2d 1228, 1233 (1999) (although, for strategic reasons, victim phrased his complaint in terms of negligence, it strained credulity to suggest that the insured's acts were merely negligent); 
Watters
, 268 Ill. App. 3d at 510, 644 N.E.2d at 498 (allegations of negligence may be transparent attempts to trigger insurance coverage, especially where the facts alleged as the basis of the tort are intentional acts).  Just as Presswood's criminal convic

tion does not collaterally estop Leverton from asserting his negligence claims, the jury verdict on the negligence count does not collaterally estop State Farm from arguing that Presswood's conduct was beyond the coverage provided in the policy.  
Leverton
, 289 Ill. App. 3d at 858, 683 N.E.2d at 479 (insurer not bound by verdict in civil trial where insurer was not a party or in privity with a party).

In our prior opinion in this case, we noted that while allegations that Presswood "negligently" swung the beer bottle and hit Leverton in the face were "weak," we could not say as a matter of law that State Farm had no duty to indemnify.  
Leverton
, 289 Ill. App. 3d at 858, 683 N.E.2d at 479.  Having reviewed the record again, as well as the evidence presented on remand, we find that the facts do not support Leverton's theory of the case.  Presswood is a 6-foot, 190-pound correctional facility officer that can bench-press 225 pounds, 10 repetitions.  He was also trained in self-defense tactics.  On the night in question, he made no attempt to assess the situation before resorting to violence.  Without hesitation, he swung his beer bottle in the direction of the shove, intending to harm the aggressor.  In his trial testimony, Presswood testified:  

"Q.  You intended to hit Leverton and

your story is to get him away from you?

A.  I intended to hit--I intended to get

whoever pushed me away from me.

Q.  You intended to hit them.

A.  I intended to get them away from me.

If that's the way it happened, then that is

the way that it happened."

The fact that he did not know it was Leverton at the time is irrelevant.  Based upon the evidence presented, we find that Leverton's injuries were not the result of an accident.  Rather, they were the natural and ordinary consequence of Presswood's intentional act of swinging at someone with beer bottle in hand.  The evidence is insufficient to support any finding that Presswood's conduct would trigger coverage as negligent self- defense.  Further, we cannot find that the parties reasonably intended to insure Presswood for injuries that he inflicted upon others during barroom scuffles. 

As a final matter, we are not aware of Presswood's financial situation, but the denial of coverage may leave Leverton with an uncollectible judgment.  We recognize that public policy favors compensating victims like Leverton.  
Lincoln Logan
, 309 Ill. App. 3d at 483, 722 N.E.2d at 242.  However, it is 
against
 public policy to permit insurance indemnity for intentional acts, and under these facts, this policy prevails.  
Lincoln Logan
, 309 Ill. App. 3d at 483, 722 N.E.2d at 242 (indem

nity for intentional misconduct would, as a general rule, be contrary to public policy and unenforceable).

III. CONCLUSION

Based upon the facts presented here, it was reasonable to conclude that Presswood "either expected or intended" to cause Leverton's injuries.  The circuit court's judgment in favor of State Farm was within its discretion.

Affirmed.

STEIGMANN and GARMAN, JJ., concur.