# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*State Farm Fire & Casualty Co. v. Young*, 2012 IL App (1st) 103736

---

| | |
|---|---|
| Appellate Court Caption | STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellee, v. THOMAS YOUNG, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-10-3736 |
| Filed | April 20, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Judgment on the pleadings was properly entered for plaintiff insurer in its action seeking a declaratory judgment that the insurer had no obligation to defend its insured in an underlying action for assault and battery and claims of negligence, since the policies at issue covered only accidental injuries, but the underlying action alleged defendant provided heroin to a woman, that he beat her when she overdosed and became ill, and that she died after he failed to seek medical care for her, and those allegations accused defendant of intentional conduct that could not be construed as assertions that an accident occurred; therefore, the policies' exclusions of coverage for bodily injury or damage expected or intended by the insured applied. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-00998; the Hon. Michael B. Hyman, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Robert G. Riffner, of Riffner Barber LLC, of Schaumburg, for appellant. |
| | Michael Resis, Glen E. Amundsen, and Rachel Winthrop, all of Smith Amundsen LLC, of Chicago, for appellee. |
| Panel | JUSTICE GARCIA delivered the judgment of the court, with opinion. Justices Lampkin and Palmer concurred in the judgment and opinion. |

**OPINION**

¶ 1     The circuit court granted judgment on the pleadings to plaintiff State Farm in a declaratory judgment action seeking a determination that it was not obligated to defend its insured in a civil suit for assault and battery and for claims of negligence. The suit alleged that the defendant provided heroin to a young woman and, when she became seriously ill from an overdose, he beat her severely and failed to seek medical help for the victim, resulting in her death. State Farm's motion argued that it was entitled to judgment as a matter of law because the insurance policies at issue covered only accidental injuries. On *de novo* review, we agree with the circuit court that no material question of fact existed under the facts alleged in the underlying complaint and that only one conclusion reasonably followed from the allegations in the underlying civil suit: the injuries were intentionally caused by the insured. It follows that State Farm owed no duty to defend the defendant. We affirm.

¶ 2                                      BACKGROUND

¶ 3     On June 29, 2008, the defendant, Thomas Young, was 21 years old and was living in his parents' home in Prospect Heights, Illinois. The defendant invited the victim, Gina Dominick, to his home. He told her he had purchased some heroin and offered to share it with her. Sometime in the early morning hours, Gina died from the combination of an overdose and injuries from a beating. Her body was found the next morning at 10:45 a.m. in her car parked in the parking lot of the Prospect Heights public library.

¶ 4     Gina's father, Michael Dominick, as administrator of her estate, filed a civil suit against the defendant and his parents, Chester and Teresa Young. Only the allegations against the defendant in the underlying complaint are relevant to this appeal. The complaint alleged the following facts. The defendant bought heroin and provided it to Gina at his parents' home. After taking the drugs, Gina suffered an overdose and became violently ill. The defendant began severely beating Gina without provocation or justification. Despite knowing that Gina's condition was critical, the defendant failed to call 911, take her to a hospital, or seek medical attention. Gina died as a result of her injuries and her drugged condition at the

defendant's home. The defendant then carried her body to her car, drove the car to the library parking lot, abandoned the car, and walked home. Once at home, he attempted to clean up "massive amounts of Gina Dominick's blood."

¶ 5    The estate's complaint sought damages for wrongful death, pain and suffering, and burial expenses. The complaint alleged that the defendant was liable for battery in beating Gina and that he was liable for negligently failing to procure medical assistance for Gina. In conjunction with the negligence claims, the complaint specifically alleged that the defendant "carelessly and negligently failed to take [Gina] to a hospital." The defendant, as a resident of his parents' home, sought coverage from State Farm for his defense of the estate's complaint and for indemnification in the event of a judgment.

¶ 6    The defendant's parents were the listed insureds in a homeowners insurance policy and a personal liability umbrella policy from State Farm. The homeowners policy provided coverage for "a suit *** against an insured for damages because of bodily injury or property damage *** caused by an occurrence." For a covered "occurrence," State Farm would provide a defense and pay damages. The policy defined "occurrence" as "an accident, including exposure to conditions which results in *** bodily injury." The policy expressly excluded coverage for "[b]odily injury or property damage: (1) which is either expected or intended by the insured; or (2) which is the result of willful and malicious acts of the insured." Under the umbrella policy, State Farm would pay damages and defend against a claim resulting from a "loss." It defined a "loss" as "an accident, including injurious exposure to conditions, which results in bodily injury or property damage." The umbrella policy excluded coverage arising from "bodily injury or property damage: a. which is either expected or intended by you [the insured]; or b. to any person or property which is the result of your willful and malicious act, no matter at whom the act was directed."

¶ 7    Citing these provisions, State Farm filed a declaratory judgment complaint, contending the injuries sustained by Gina were not accidental; rather, the injuries were caused by the defendant's intentional acts, which precluded a duty to defend on the part of State Farm. After the defendant filed his answer, State Farm moved for judgment on the pleadings. State Farm argued that the undisputed facts in the underlying complaint by the estate fell outside the coverage provided by the policies and, in fact, fell within the exclusion provisions of both policies. State Farm also contended that to find coverage for the injuries involved in this case would violate public policy, which seeks to deter individuals from providing drugs to others.

¶ 8    The circuit court ruled State Farm had no duty to defend the defendant and granted its motion for judgment on the pleadings. In its oral announcement, the court stated that the allegations against the defendant "did not constitute an accident." The court cited *Aetna Casualty & Surety Co. v. Freyer*, 89 Ill. App. 3d 617 (1980), for the proposition that consequences desired or reasonably anticipated by an actor are not accidental injuries compensable by insurance. The court noted that the defendant had pleaded guilty to criminal battery; it found the defendant's acts of providing Gina with heroin and of beating her were willful and malicious. Accordingly, neither the homeowners policy nor the umbrella policy covered the "occurrence" or "loss." The court did not address State Farm's public policy argument. The defendant appeals.

¶ 9                                     ANALYSIS

¶ 10        The defendant raises three issues: (1) whether questions of material fact exist to preclude
judgment on the pleadings; (2) whether the underlying pleadings "can be construed to allege"
injuries that constituted an "occurrence" or a "loss" as defined by the insurance policies; and
(3) whether it is "not clear and free from doubt" that the exclusion provisions of the two
policies apply because the circuit court improperly invoked collateral estoppel arising from
his battery conviction.

¶ 11        A motion for judgment on the pleadings asserts the allegations in the pleadings and the
exhibits to the pleadings, which are considered part of the pleadings, permit only one
disposition as a matter of law. *Employers Insurance of Wausau v. Ehlco Liquidating Trust*,
186 Ill. 2d 127, 138-39 (1999). Judgment on the pleadings is proper only if no genuine issue
of material fact exists and the moving party is entitled to judgment as a matter of law. *Gillen
v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 385 (2005). We review the
circuit court's grant of judgment on the pleadings *de novo*. *Id.*

¶ 12        When an insurance company concludes the claims in a lawsuit against its insured do not
fall within the coverage provided by the policy, the insurance company must either (1)
defend the lawsuit under a reservation of rights or (2) seek a declaratory judgment that no
coverage exists. *Ehlco Liquidating Trust*, 186 Ill. 2d at 150-51; 735 ILCS 5/2-701 (West
2010). If the facts alleged in the underlying complaint potentially fall within the policy
coverage, the insurer is obligated to provide a defense. *Country Mutual Insurance Co. v.
Olsak*, 391 Ill. App. 3d 295, 302 (2009). Indemnification is a separate question from the
much broader duty to defend. "[T]he question of whether the insurer has a duty to indemnify
the insured for a particular liability is only ripe for consideration if the insured has already
incurred liability in the underlying claim against it." *Outboard Marine Corp. v. Liberty
Mutual Insurance Co.*, 154 Ill. 2d 90, 127 (1992).

¶ 13        A court answers the question of whether a duty to defend exists by comparing the facts
alleged in the underlying complaint to the language of the insurance policy. *Olsak*, 391 Ill.
App. 3d at 302. No duty to defend arises when "it is *clear* from the face of the underlying
complaint[ ] that the allegations fail to state facts which bring the case within, or potentially
within, the policy's coverage." (Emphasis in original.) (Internal quotation marks omitted.)
*Ehlco Liquidating Trust*, 186 Ill. 2d at 153.


¶ 14                               Material Question of Fact

¶ 15        The defendant initially argues that questions of material fact exist to preclude judgment
on the pleadings. He contends the circuit court erroneously premised its ruling on the
allegations in the underlying complaint being true when the defendant expressly denied some
of the allegations: he denied purchasing heroin, striking Gina, or knowing that Gina needed
medical help. He contends these denials give rise to material questions of fact.

¶ 16        State Farm counters that the circuit court did not assume the truth of the allegations in
the underlying complaint. Rather, the circuit court considered whether the well-pleaded
factual allegations in the underlying complaint, if true, would potentially fall within the

coverage clauses of the policies. The court ruled that the allegations of facts in the complaint permitted only one conclusion: the defendant acted intentionally. The defendant's intentional acts could not be construed to support a covered claim for an "occurrence" or a "loss" under either of the policies.

¶ 17     "[A] motion for judgment on the pleadings is like a motion for summary judgment ***." (Internal quotation marks omitted.) *Id.* at 138. As the defendant argues, fact finding is not permitted in considering a motion for judgment on the pleadings. However, the court looks to the factual allegations of the underlying complaint, rather than the insured's answer, to determine whether a duty to defend exists. See *National Fire Insurance of Hartford v. Walsh Construction Co.*, 392 Ill. App. 3d 312 (2009) (circuit court did not err in refusing to consider third-party complaint of additional insured in deciding whether insurer had a duty to defend). The court must consider "only those facts apparent from the face of the pleadings, matters subject to judicial notice, and judicial admissions in the record." *Gillen*, 215 Ill. 2d at 385. "All well-pleaded facts and reasonable inferences therefrom are taken as true." *Id.*

¶ 18     The defendant insists that his denials of the well-pleaded facts on the face of the estate's complaint raise questions of fact that preclude judgment on the pleadings. The only argument we can discern from the defendant's main brief to support this claim is that the circuit court erred by viewing the allegations in an "aggregated fashion" rather than individually. The defendant's point underlying this argument escapes us. Taking at face value the defendant's contention that a difference exists between viewing the allegations in "aggregated fashion" and individually, the defendant fails to provide us with what that difference is; nor does he tell us why that difference, assuming there is one, gives rise to material questions of fact. This contention is forfeited. *Express Valet, Inc. v. City of Chicago*, 373 Ill. App. 3d 838, 855 (2007) (ill-defined and insufficiently presented issues are forfeited).

¶ 19     We also note the absence of any factual support for the defendant's denials of the allegations in the underlying complaint by the estate of Gina Dominick, which renders them no more than bald assertions. See *Practical Offset, Inc. v. Davis*, 83 Ill. App. 3d 566, 573-74 (1980) (defendant's bald assertion in his deposition was little better than his denial in the answer to the complaint, neither of which was sufficient to give rise to a question of fact to preclude summary judgment). The defendant's denials in his answer to the estate's complaint grounded in assault and battery and negligence were clearly meant to avoid the implications of the complaint's well-pleaded facts. Without factual bases, the defendant's denials do not merit consideration on the ultimate issue of whether the incident was potentially within the coverage provided by the State Farm policies. The well-pleaded facts allege that Gina Dominick died of a combination of an overdose of heroin, which the defendant provided, and a brutal beating, which the defendant inflicted. The defendant's abject denials that he purchased heroin, struck Gina, or knew that Gina needed medical help are insufficient to override the well-pleaded facts in the estate's complaint.

¶ 20     No material questions of fact arise solely from the defendant's denials to preclude judgment on the pleadings.

¶ 21                    Coverage Under the Policies

¶ 22     Next, we examine the homeowners policy and the umbrella policy to determine whether the allegations in the underlying complaint state facts that bring the case at least potentially within the coverage of either policy. The defendant only argues that the facts in the underlying complaint may be "construed" as alleging an accident, which would bring it within the coverage provisions of the policies. The homeowners policy states it covers an "occurrence," which it defines as an accident. The umbrella policy provides coverage for a "loss," which it likewise defines as an accident. Because the policies contain similar language providing for coverage of an "accident," we analyze the policies concurrently.

¶ 23     The thrust of the defendant's argument is that the underlying complaint "can be construed" to allege an accident because the complaint included claims based on negligence. State Farm argues that the claims of negligence based on the defendant's failure to seek medical assistance for Gina notwithstanding, no accident was alleged because Gina's death was not unexpected; it was a natural and probable consequence of the defendant's actions.

¶ 24     The issue for the circuit court in this case was whether the comparison of the allegations in the estate's complaint to the provisions in the insurance policies gave rise to a duty to defend. *State Farm Fire & Casualty Co. v. Hatherley*, 250 Ill. App. 3d 333, 336 (1993). In other words, did the allegations in the estate's complaint, taken as true, state facts that "bring the case within, or potentially within, the policy's coverage?" (Internal quotation marks omitted.) *Ehlco Liquidating Trust*, 186 Ill. 2d at 153. If so, State Farm had the duty to defend the defendant; if not, State Farm had no duty to defend.

¶ 25     The policies do not expressly define the term "accident." The defendant, however, does not contend the term is ambiguous. In fact, our case law has established clear contours of the term "accident." *Freyer*, 89 Ill. App. 3d at 619; *Country Mutual Insurance Co. v. Carr*, 372 Ill. App. 3d 335, 340 (2007).

¶ 26     In *Freyer*, the court noted, "An accident has been defined as an unforseen occurrence, usually *** an undesigned sudden or unexpected event of an inflictive or unfortunate character." *Freyer*, 89 Ill. App. 3d at 619. The *Freyer* court also explained what the term excludes: "The natural and ordinary consequences of an act do not constitute an accident." *Id.* To determine whether the alleged conduct of an insured involves a covered event, a court may also inquire "whether the person performing the acts leading to the result intended or expected the result." *Carr*, 372 Ill. App. 3d at 341. If the actor intended or expected the result, the event was no accident. *Id.*

¶ 27     The underlying complaint sought recovery on several bases. Counts I through III alleged assault and battery based on the defendant's intentional conduct when he overdosed and battered Gina, which the defendant does not contend fall potentially within the State Farm policies. The defendant makes this claim only as to counts IV through VI, which alleged "negligence" based on the defendant's failure to call 911 when the victim was in clear peril.

¶ 28     The defendant contends a reasonable reading of counts IV through VI, which alleged negligence based on the defendant's failure to seek help for Gina after she became ill, supports the conclusion that an "accident" was involved because negligent conduct is not intentional conduct. Based on the claim of negligence, the defendant argues this alone brings

-6-

counts IV through VI within *Freyer*'s definition of an accident. We disagree. To determine whether the complaint alleged an accident, we look not to the legal theory asserted, but to the factual allegations. *Travelers Insurance Cos. v. P.C. Quote, Inc.*, 211 Ill. App. 3d 719, 729 (1991).

¶ 29    Counts IV through VI alleged that the defendant failed to call 911 when the victim was in clear peril. Although these counts were listed as falling under the legal theory of "negligence," the allegations support only one conclusion, that the defendant chose not to seek help for Gina. Rather than call 911, the defendant allowed Gina to die in his home and then moved her body in an effort to distance himself from her injuries and death. None of the defendant's actions can reasonably be called accidental; even though the acts of the defendant are otherwise characterized as "negligent" in the complaint, Gina's injuries and her eventual death were a "natural and ordinary consequence[ ]" of the defendant's failure to get help. *Freyer*, 89 Ill. App. 3d at 619. Calling what occurred to Gina an "accident" is a tortured interpretation of the word.

¶ 30    Counts I through III also add background to the allegations in counts IV through VI. The allegations of assault and battery committed by the defendant's own fist can in no way be construed to support a claim of accident. The defendant's alleged failure to procure medical treatment for Gina after he allegedly placed her in peril was no less "the result intended or expected." *Carr*, 372 Ill. App. 3d at 341. The complaint alleged that after Gina was given heroin and severely battered by the defendant, the defendant acted negligently when he did not call 911 or take Gina to the hospital. "An injury caused by an assault and battery normally is not considered to be accidental [citation], even if the specific injury was not intended." *Freyer*, 89 Ill. App. 3d at 619. We question how deliberate conduct by the defendant is transformed into mere "negligence" based on his failure to seek medical aid for Gina.

¶ 31    As we noted, we do not look to the asserted legal theory, seeking to impose liability upon the defendant for his actions, to determine whether an accident occurred; rather, we look to the intended or expected results arising from the defendant's actions or, in this case, omissions. See *Travelers Insurance Cos.*, 211 Ill. App. 3d at 729. Although the complaint does not explicitly allege that the defendant expected Gina to die from the lack of medical attention, that was the only reasonable expectation given her condition as alleged by the well-pleaded facts of the underlying complaint. The injuries alleged in this case were not the result of an accident under any definition for that term recognized in our jurisprudence.

¶ 32    The underlying complaint, irrespective of the negligence claims in counts IV through VI, did not allege facts that might potentially place the suit within the coverage of either of the State Farm policies. State Farm did not have a duty to defend the defendant in the lawsuit filed by Gina's estate. See *Freyer*, 89 Ill. App. 3d at 621 ("[A]n insurer only has a duty to defend when the complaint alleges facts which bring the case within or potentially within the policy coverage ***.").

¶ 33    The respective briefs of the parties also address whether the exclusion provisions of the two policies apply to the incident as alleged in the underlying suit. We address that contention as well to make clear that even if counts IV through VI, alleging negligence,

might plausibly fit within the "accident" provisions of the policies, the exclusion provisions apply to bar any duty by State Farm to provide a defense to the estate's complaint.

¶ 34                                     Exclusions Under the Policies

¶ 35        As this court noted in *Freyer*, "insurance companies, in order to make this limitation of coverage [to only accidents] absolutely clear and inescapable, include an exclusion for 'intentional injuries' caused by the insured." *Id.* at 619. Hence, an intentional act is "not covered both because it is not accidental and because it falls under the policy exclusion." *Id.* at 621. In other words, the coverage clause and the exclusion clause overlap regarding intentional conduct, making such conduct both not compensable and expressly excluded under the insurance policy.

¶ 36        Recognizing this redundancy, the defendant raises a point of law. He contends the circuit court improperly relied upon his battery conviction to conclude he acted intentionally to apply the exclusion clauses. The defendant cites *Cowan v. Insurance Co. of North America*, 22 Ill. App. 3d 883 (1974), and *Allstate Insurance Co. v. Kovar*, 363 Ill. App. 3d 493 (2006), as authority that the conviction of the insured of a criminal offense or a finding of liability for tortious conduct underlying the civil claim does not automatically bar the insured from contending that his conduct was not intentional for purposes of an exclusion clause.

¶ 37        In *Cowan*, the insured got into a car accident, and in the course of an argument that followed the accident, the insured pushed the other driver, causing him to fall and fracture his leg. *Cowan*, 22 Ill. App. 3d at 886-87. The driver sued the insured for assault and battery. *Id.* The case proceeded to trial with the insurer providing a defense under a reservation of rights. *Id.* At trial, the insured testified he pushed the driver in self-defense and claimed the injury the driver sustained was "unintentional and bizarre in relation to the incident." *Id.* at 888. The jury found the insured liable and the insurer refused to pay the $8,000 judgment. *Id.* at 887. In a declaratory action contending it owed no duty to indemnify its insured, the insurer invoked estoppel, pointing to the tort judgment as proof that the insured acted intentionally. The circuit court viewed the issue as one of law and found in favor of the insured. *Id.* In the course of addressing whether summary judgment was proper, this court found estoppel based on the finding of tort liability inapplicable. We noted that the jury could have based its verdict on the lack of consent by the victim, rather than on a finding that the insured acted intentionally in causing the fracture to the driver's leg. *Id.* at 890. The court noted that no special interrogatory to the jury was submitted. *Id.* at 888 n.1. The dispositive inquiry was whether the insured intended the harm to result, not whether he acted intentionally when he pushed the driver. *Id.* at 892-93. Ultimately, this court concluded that whether the insured intended to harm the other driver remained a disputed question of fact, which precluded summary judgment for the insured. *Id.* at 895-96.

¶ 38        In *Kovar*, the victim and the insured, with other men on the insured's side, got into a physical altercation. *Kovar*, 363 Ill. App. 3d at 495. One of the men waved a sharp object in the air, and the victim was either intentionally stabbed or pushed into the object in the scuffle. *Id.* After the insured pled guilty to battery, the victim sued him under a theory of negligence. *Id.* at 495-96. In a declaratory action, the insurer claimed it was entitled to

summary judgment because the insured was estopped from denying he committed an intentional act given his plea of guilty to battery. *Id.* The circuit court accepted the argument; the Second District reversed. The court narrowly construed the question before it: "[T]his case is about only whether [the insured's] conviction, in and of itself, is sufficient to answer [the] question" of whether "[the victim's] injuries were caused by an intentional or criminal act." *Id.* at 500. The court answered the question in the negative because the three "threshold requirement[s]" for the application of estoppel arising from a conviction did not apply. *Id.* at 502. The court noted that even if all three requirements were present, it would be unfair to apply estoppel where the insured had an incentive to plead guilty to battery to retain the prospect of having his conviction expunged. *Id.* at 503-04.

¶ 39    Thus, while we agree with the defendant that *Cowan* and *Kovar* may preclude the use of a guilty plea or a finding of tort liability to determine whether an incident was intentional for purposes of insurance coverage, our agreement with the defendant ends there. We disagree that the circuit court here applied estoppel in this case; nor does our decision rest upon that doctrine.

¶ 40    Our holding *supra* that the defendant's intentional conduct fell outside the coverage clauses because the conduct did not constitute an accident also makes it free and clear from doubt that the defendant's intentional conduct fell within the exclusion clauses of the policies. See *Freyer*, 89 Ill. App. 3d at 619 ("insurance companies, in order to make this limitation of coverage [to only accidents] absolutely clear and inescapable, include an exclusion for 'intentional injuries' caused by the insured").

¶ 41    We add the following to our observations in the coverage section. The exclusion clauses in the State Farm insurance policies apply when the insured intends to cause the consequences of his conduct or the consequences are reasonably expected to result from that conduct. *Freyer*, 89 Ill. App. 3d at 620. The terms " 'intended' " and " 'expected' " are not synonymous. *Id.* Even if the injuries were not planned or intended by the insured, "they may be of such a nature that they should have been reasonably anticipated (expected) by the insured." *Id.* Looking only to the allegations of fact in the estate's underlying complaint, only intentional conduct by the defendant was alleged. While the allegations concerning the defendant's failure to call 911 are labeled "negligence," it was free from doubt that his failure to act was intentional and the result from his failure to act was expected. The defendant's omissions were subject to the exclusion provisions of the two State Farm policies.

¶ 42    Because the language of the exclusion clauses and the coverage clauses of the two policies expressly exclude and provide no coverage for intentional conduct, we do not consider State Farm's public policy argument.

¶ 43                                              CONCLUSION

¶ 44    Neither the homeowners policy nor the umbrella policy provided coverage for the injuries sustained by the victim because the well-pleaded allegations of fact in the underlying complaint accused the defendant of intentional conduct; the allegations do not support the defendant's claim that the allegations can be construed as asserting that an accident occurred. It is also clear and free from doubt that the exclusion provisions of each policy applied to the

defendant's intentional acts where the injuries sustained by the victim were either intended or expected to result. Under the clear factual allegations of the underlying complaint in this case, State Farm had no duty to defend the defendant. We affirm the circuit court's grant of judgment on the pleadings to State Farm.

¶ 45        Affirmed.