2020 IL App (1st) 182199-U

FIFTH DIVISION
August 28, 2020

No. 1-18-2199

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE GLENN APARTMENTS, LLC, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 18 M1 707539 |
| | ) | |
| AARON WEILAND and ALL UNKNOWN | ) | |
| OCCUPANTS, | ) | |
| | ) | Honorable Toya Harvey, |
| Defendants-Appellants. | ) | Judge, presiding. |

JUSTICE DELORT delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    ***Held***:   In this landlord-tenant case, we find that the circuit court abused its discretion by not granting additional time for the tenant to respond to the landlord's summary judgment motion, where the court had previously set internally contradictory deadlines for completing discovery and responding to the summary judgment motion. We reverse the order granting summary judgment, vacate other orders, and remand for further proceedings.

¶ 2                               BACKGROUND

¶ 3     On May 16, 2018, The Glenn Apartments, LLC (Glenn) filed a single-action eviction complaint against Aaron Weiland, alleging that Glenn was entitled to possession of a Chicago apartment which Weiland leased from Glenn. The complaint is three sentences long and contains no details regarding the nature of the tenancy, relevant dates, or service of any required notices. The property in question is a "single-room occupancy building" as defined by Chicago ordinance.

¶ 4     On July 9, 2018, before Weiland had answered and just a week after he had appeared through counsel, Glenn moved for summary judgment pursuant to section 2-1005 of the Illinois Code of Civil Procedure Code) (735 ILCS 5/2-1005 (West 2018)). The motion included an affidavit from Glenn's manager, affirming the recitals in the complaint and stating that: (1) Weiland occupied a unit in Glenn's property pursuant to a month-to-month oral lease; (2) Glenn gave Weiland a 30-day notice of termination on March 13, 2018, stating that Weiland's tenancy would terminate on May 1, 2018; and (3) that Weiland failed to vacate the property at the termination of the lease.

¶ 5     The next day, on July 10, the circuit court entered a case management order. The order granted Weiland 14 days (that is, until July 24) to respond to Glenn's motion for summary judgment and set that motion for hearing on August 14. But the order also provided that a party could initiate discovery within the same 14-day period (by July 24) and the opposing party would have 14 days to tender discovery to the opposing party (August 7). This schedule created the anomalous situation that Weiland was required to respond to Glenn's summary judgment motion before Glenn was required to respond to Weiland's discovery requests. The order also set

the case for trial for August 15. The order is not marked "agreed" and the record contains no report of proceedings for July 10.

¶ 6    On July 24, Weiland filed an answer, affirmative defenses, and counterclaim. In these pleadings, Weiland stated that Glenn never served him with the particular 30-day notice attached to the complaint, and that Glenn terminated his tenancy in retaliation for his complaining about substandard conditions in the unit, in violation of section 5-15-090(c) of the Chicago Single Room Occupancy Preservation Ordinance (Chicago Municipal Code §5-15-090(c) (added Nov. 12, 2014)). Weiland's counterclaim sought damages on the retaliatory eviction counterclaim. Weiland also timely filed discovery requests. However, Weiland did not file a response to the motion for summary judgment. Instead, he filed a motion for additional time to respond, noting the above-described overlap in the summary judgment and discovery schedules, and the need for Glenn to respond to his timely filed discovery requests.

¶ 7    On July 25, the day after Weiland's summary judgment response was due, Glenn did not simply rest on its now-unopposed motion. It moved to strike Weiland's answer, affirmative defenses, and counterclaim on the basis that they were not verified. Weiland corrected the error by filing amended pleadings on August 14.

¶ 8    Weiland's discovery demands included a request to inspect the original 30-day notice to determine if the copy attached to the motion for summary judgment was forged and requests for various documents relating to the conditions of the property relevant to Weiland's retaliatory eviction claim. Glenn did not respond to Weiland's discovery requests by the August 7 deadline, so Weiland filed a motion to compel on August 9, requesting an order to compel production of documents, responses to the interrogatories, and appearance of a Glenn manager at a deposition.

¶ 9 On August 10, Glenn filed late responses to Weiland's interrogatories and document production requests. The documents included numerous invoices from a pest control company covering most of the preceding year for periodic service at the building to mitigate roach and bedbug infestations. It appears that the depositions which Weiland requested were never conducted.

¶ 10 On August 14, the court denied Weiland's motion for an extension of time in which to respond to Glenn's motion for summary judgment and reset the trial date to August 21. The next day, the court granted Glenn's motion for summary judgment and stayed execution on the possession judgment until August 22. The court also denied the motion to compel, struck the trial date, struck the prayer for possession from the counterclaim on the basis that it was now moot, and set the remainder of the counterclaim for status on August 22 and ordered that it would "stand[ ] as filed". Weiland moved to reconsider the orders.

¶ 11 On August 29, Glenn filed a motion to dismiss the counterclaim pursuant to section 2-619(a)(4) of the Code (735 ILCS 5/2-619(a)(4) (West 2018)), arguing that the counterclaim was now barred by a prior judgment, namely, the circuit court's August 15 order granting summary judgment on Glenn's possession complaint. On October 10, after briefing, the court denied Weiland's motion to reconsider, and dismissed the counterclaim, reasoning that the retaliatory eviction affirmative defense was "extinguished" when the court granted summary judgment to Glenn. The court later denied Weiland's motion for a further stay of the possession order.

¶ 12 Weiland appealed: (1) the August 14 order denying his motion for extension of time to respond to the summary judgment motion; (2) the August 15 order granting summary judgment

to Glenn; and (3) the October 10 order denying his motion for reconsideration of the August 14 and 15 orders, and dismissing his counterclaim.

¶ 13 In this court, Weiland renewed his request for a stay of the possession order. After briefing, this court denied that request and the sheriff evicted Weiland. Glenn moved to dismiss the appeal, arguing that since the sheriff had already enforced the possession order by evicting Weiland, the case was moot. On December 13, 2018, a motion panel of this court granted the motion in part, dismissing the appeal as to the "claim to be restored to possession of the premises" as moot, but stating that "appellee may still challenge the order of possession on the merits and, if successful, may pursue his counterclaim for alleged retaliatory eviction." On the same day, this court issued a partial mandate consisting of that order.

¶ 14 The parties proceeded to brief the remainder of the issues on appeal. Briefing concluded on March 4, 2019. Due to a clerical error created when the partial mandate was sent to the circuit court, the conclusion of briefing did not trigger the usual internal notification that the case was now ready for transmission to an authoring justice and panel for decision. The error was not discovered until August 6, 2020. At that point, the case was immediately designated as "ready" and was first assigned to this panel. The court expresses its regret to the parties for the delay in the disposition of the case.

¶ 15 ANALYSIS

¶ 16 On appeal, Weiland presents a number of assignments of error. Because we find it dispositive, we will first address his argument that the court abused its discretion by not granting him a continuance, or an extension of time, to respond to the summary judgment motion.

¶ 17 Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011) provides: "The court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading

or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time."

¶ 18     Our supreme court has explained: "A continuance should not be denied where clearly it is required by the ends of justice * * *." *Brown v. Air Pollution Control Board*, 37 Ill. 2d 450, 454–55 (1967). We review the denial of a continuance for abuse of discretion. A court abuses its discretion when its resolution of a discretionary issue is clearly against logic, arbitrary, exceeds the bounds of reason or runs contrary to recognized principles of law. *State Farm Fire & Casualty Co. v. Leverton*, 314 Ill. App. 3d 1080, 1083 (2000).

¶ 19     As noted above, the July 10 case management order established a schedule which ran contrary to the normal course of litigation. It required the defendant to respond to a summary judgment motion even though the deadline for the opposing party to tender discovery had not yet passed. This put Weiland in the impossible position of presenting a defense without having the information which Glenn was required to give him to prepare that defense. Eviction cases necessarily move on an expedited schedule. This case moved with extreme rapidity and none of Weiland's conduct demonstrated that he was acting in a dilatory manner to unduly prolong the case from coming to its natural conclusion. While an eviction court must move its cases with expedition, it must do so while also ensuring that parties can meaningfully exercise the rights granted them under the Code and the Illinois Supreme Court Rules.

¶ 20     Glenn argues that Weiland should have filed a response to the summary judgment motion setting forth his contentions regarding the 30-day notice and including a Supreme Court Rule 191(b) (eff. Jan. 4, 2013) affidavit setting forth why he needed additional discovery from Glenn to more fully respond to the motion. He also states, without citation to the record, that Weiland agreed to the case management order.

¶ 21    We agree that, in retrospect, Weiland might have been better advised to proceed differently. But Glenn's argument is essentially one of waiver or forfeiture. We may look beyond those considerations to "maintain a sound and uniform body of precedent or where the interests of justice so require." *In re Estate of Funk*, 221 Ill. 2d 30, 97 (2006). Weiland presented two defenses which were not facially deficient or apparently dilatory: forgery of the 30-day notice attached to the summary judgment motion and retaliatory eviction under the Chicago ordinance. In light of our review of the entire record and the chronology of the case below, we are left with the definite impression that the circuit court abused its discretion by not granting an extension of time for Weiland to respond to the summary judgment motion.

¶ 22                              CONCLUSION

¶ 23    Having made these findings, we must frame appropriate relief in light of this court's December 18, 2019 order, which found Weiland's claim to be restored to possession was moot but allowed remaining claims to proceed. Because the court erred in denying Weiland's motion for extension of time to respond to the summary judgment motion and in denying reconsideration of that order, it follows that we should vacate the August 15 order granting summary judgment on the possession claim and remand for further proceedings. However, because the claim for possession is now moot, we vacate the summary judgment order only to remove the preclusive effect of that order on the counterclaim for retaliatory eviction. We also vacate the October 10 order which had dismissed the counterclaim on the theory that the court had extinguished any claim or defense for retaliatory eviction when it granted summary judgment on the main possession claim. On remand, the circuit court shall set an appropriate schedule for Glenn to respond to Weiland's remaining discovery requests and proceed to adjudicate the counterclaim

as it relates to monetary damages for retaliatory eviction. The issue of possession shall remain resolved in favor of Glenn as specified in the partial mandate.

¶ 24    Reversed in part, vacated in part, and remanded with instructions.