# Illinois Official Reports

## Appellate Court

---

### *Fabian v. BGC Holdings, LP*, 2014 IL App (1st) 141576

---

| | |
|---|---|
| Appellate Court Caption | LARRY D. FABIAN, Plaintiff-Appellant, v. BGC HOLDINGS, LP, Defendant-Appellee, and BGC PARTNERS, INC., MARK WEBSTER and PATRICK TROY, Defendants. |
| District & No. | First District, Sixth Division<br>Docket No. 1-14-1576 |
| Filed | December 26, 2014 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2013-L-011756; the Hon. Patrick J. Sherlock, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Daniel J. Voelker and Alexander N. Loftus, both of Voelker Litigation Group, of Chicago, for appellant.<br><br>James M. Witz, Jennifer Schilling, and Catherine S. Lindemann, all of Littler Mendelson, P.C., of Chicago, for appellee. |

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Justices Hall and Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1        The plaintiff, Larry D. Fabian, appeals from the circuit court order which dismissed, with prejudice, count I of his first amended complaint against the defendant, BGC Holdings, LP (BGC), pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2012)). In the dismissed count, the plaintiff alleged, in relevant part, that BGC violated the Illinois Wage Payment and Collection Act (Act) (820 ILCS 115/1 *et seq.* (West 2012)) when it refused to pay him certain compensation that it owed upon the termination of his employment. For the reasons that follow, we reverse the judgment of the circuit court and remand the matter for further proceedings.

¶ 2        On December 27, 2013, the plaintiff filed his first amended complaint alleging the following facts. In July 2001, the plaintiff was hired by Cantor Fitzgerald as a broker at the Chicago Mercantile Exchange (CME). In 2007, he was transferred to Cantor Fitzgerald's spinoff firm, BGC. BGC is a holding company for financial trading entities and is organized as a Delaware limited partnership with its principal place of business in New York. "BGC GP, LLC," is the listed general partner, and "Cantor Fitzgerald, L.P.," is listed as a limited partner.[1] In 2008, the plaintiff entered into an "Agreement of Limited Partnership of BGC Holdings, L.P., Amended and Restated as of March 31, 2008" (hereinafter, partnership agreement) with BGC wherein he became "Founding Partner Number 69." Under the terms of the partnership agreement, a founding partner was a class of limited partnership interest holding "founding partner interests," including "founding partner units," "grant units," and "high distribution units." The plaintiff alleged that, while employed with BGC, he earned 100,393 founding partner units as a form of compensation which, upon this termination, could be converted into "BGC Partners Class A Common Stock" (hereinafter, common stock).

¶ 3        On March 27, 2009, the plaintiff terminated his employment with BGC and began working for another securities firm. Four days later, the plaintiff initiated an arbitration proceeding before the CME in which he was awarded $121,758 in commissions owed to him by Cantor Fitzgerald. The issues of the number of his founding partner units and common stock shares through BGC to which he was entitled were not decided by the arbitration committee.

¶ 4        According to the first amended complaint, BGC informed the plaintiff in a letter dated March 6, 2013, that he forfeited all but 3,188 of his founding partner units because he left to work for a competitor in violation of the partnership agreement's noncompete clause. The letter further stated that the plaintiff's 3,188 founding partner units were sold and the proceeds were applied toward the unfunded balance of his trading account, which still had a remaining unfunded balance. The plaintiff alleged that, on August 22, 2013, he made a written demand

---

[1]Mark Webster is the executive managing director and Patrick Troy is the managing director of BGC's Chicago office. Webster and Troy were individually named in the first amended complaint along with BGC Partners, Inc., but later, the plaintiff voluntarily dismissed all claims against these defendants. Accordingly, they are not parties to this appeal.

upon BGC to liquidate his remaining 97,205 founding partner units or the equivalent common stock and send him the proceeds. He further alleged that BGC's statements of his holdings did not show that any of his shares had been forfeited. In a September 17, 2013, response letter, BGC disputed the number of total founding partner units the plaintiff claimed that he accrued and continued asserting its position that he forfeited any remaining founding partner units when he violated the partnership agreement's noncompete provision.

¶ 5    Count I of the first amended complaint, directed at BGC, BGC Partners, Inc., Webster and Troy, alleged that they knowingly violated the Act by refusing to liquidate the remaining 97,205 founding partner units owed by the plaintiff, causing him damages in excess of $860,856.35. Based essentially on the same allegations, the plaintiff also asserted common law claims against BGC for breach of contract (count II), breach of fiduciary duty (count III), and conversion (count IV), as well as two counts seeking declaratory judgments (counts VII and VIII). Additionally, the plaintiff alleged a claim under the Act (count V) and a breach of contract claim (count VI) against BGC Partners, Inc., for its alleged refusal to pay him 30,000 shares of Cantor Gaming stock.

¶ 6    The plaintiff attached to his complaint various portions of the partnership agreement, which included the following forum-selection and choice-of-law clauses:

"SECTION 13.04 *Jurisdiction and Forum; Waiver of Jury Trial.* (a) Each of the Partners agrees, to the fullest extent permitted by law, that all Actions arising out of or in connection with this Agreement, the Partnership's affairs, the rights or interests of the Partners or the estate of any deceased Partner ***, or for recognition and enforcement of any judgment arising out of and in connection with this Agreement or any breach or termination or alleged breach or termination of this Agreement, shall be tried and determined exclusively in the state or federal courts in the State of Delaware, and each of the Partners hereby irrevocably submits with regard to any such Action for itself and in respect to its property, generally and unconditionally, to the exclusive jurisdiction of the aforesaid courts. Each of the Partners hereby expressly waives, to the fullest extent permitted by law, any right it may have to assert, and agrees not to assert, by way of motion, as a defense, counterclaim or otherwise, in any such Action: (i) any claim that it is not subject to personal jurisdiction in the aforesaid courts for any reason; (ii) that it or its property is exempt or immune from jurisdiction of any such court or from any legal process commenced in such courts; (iii) that (A) any of the aforesaid courts is an inconvenient or inappropriate forum for such Action, (B) venue is not proper in any of the aforesaid courts; and (iv) this Agreement, or the subject matter hereof or thereof, may not be enforced in or by any of the aforesaid courts.

* * *

SECTION 13.13. *Governing Law.* This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to its conflicts of law principles."

¶ 7    On January 30, 2014, BGC brought a combined motion pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2012)), seeking the dismissal of all of the counts of the first amended complaint directed against it. In the section 2-615 (735 ILCS 5/2-615 (West 2012)) portion of its motion, BGC sought dismissal of all of the counts of the first amended complaint based upon the choice-of-law clause contained in the partnership agreement. In the section 2-619(a)(9) portion of its motion, BGC argued that the partnership agreement contained a valid

forum-selection clause, requiring that any actions arising out of the agreement be brought in the State of Delaware.

¶ 8    The plaintiff responded to the motion arguing, as to the section 2-619(a)(9) portion, that the forum-selection provision of the partnership agreement violated the Illinois public policy embodied in the Act and, therefore, did not bar his claim thereunder. Further, in his affidavit, the plaintiff stated that he was presented with the partnership agreement and told that he had less than 24 hours to sign and return it and, therefore, he was deprived an opportunity to negotiate any provision of the agreement or have it reviewed by an attorney.

¶ 9    On April 25, 2014, the circuit court ruled on the section 2-619(a)(9) portion of BGC's motion. The circuit court granted the motion, and in its written order, found that the plaintiff's claims arose out of the partnership agreement which identifies Delaware as the chosen forum. The circuit court determined that the forum-selection provision was enforceable because it did not contravene Illinois public policy which favors enforcement of such provisions, and further, that the parties, all of whom were sophisticated businessmen, freely entered into the partnership agreement and agreed to litigate their claims in Delaware. The circuit court determined that the plaintiff had not established that the forum-selection clause was so seriously inconvenient that he would be deprived his day in court or that the location of the parties or witnesses weighed in favor of either forum. The circuit court dismissed the counts of the plaintiff's first amended complaint directed against BGC, "with prejudice."

¶ 10    On May 12, 2014, the plaintiff filed a combined motion for clarification of the court's April 25 order and a motion to voluntarily dismiss all of the counts asserted against BGC Partners, Inc., Webster and Troy. In the motion, the plaintiff asked the circuit court to clarify which counts against BGC were dismissed with prejudice and to confirm that the court did not reach the merits of the arguments raised in BGC's section 2-615 motion.

¶ 11    On May 21, 2014, the circuit court clarified its order, stating that: (1) the plaintiff's claim against BGC under the Act (count I) was dismissed, with prejudice; (2) the remaining claims were dismissed, with prejudice as to refiling in Illinois, but without prejudice as to filing in Delaware; and (3) it did not reach the merits of BGC's section 2-615 grounds for dismissal. Additionally, the circuit court granted the plaintiff's motion to voluntarily dismiss all claims against BGC Partners, Inc., Webster, and Troy, without prejudice, pursuant to section 2-1009 of the Code (735 ILCS 5/2-1009 (West 2012)). The plaintiff immediately appealed the circuit court's "with prejudice" dismissal of count I of his first amended complaint.

¶ 12    Although neither of the parties raised any challenge to our jurisdiction, we have a duty, *sua sponte*, to consider our jurisdiction and to dismiss an appeal if jurisdiction is lacking. *Greer v. Yellow Cab Co.*, 221 Ill. App. 3d 908, 917 (1991). The plaintiff states in his opening brief that we have jurisdiction over this appeal pursuant to Illinois Supreme Court Rule 303 (eff. May 30, 2008). Final orders are appealable as a matter of right under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994). A judgment or order is "final" if it disposes of the rights of the parties, either on the entire case or on some definite or separate part of the controversy. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 501 (1997). "A dismissal with prejudice is usually considered a final judgment" (*id.* at 502) as it indicates that the plaintiff will not be allowed to amend his complaint, thereby terminating the litigation (*J. Eck & Son, Inc. v. Reuben H. Donnelley Corp.*, 188 Ill. App. 3d 1090, 1093 (1989)). Here, the circuit court initially dismissed the plaintiff's entire first amended complaint against BGC, with prejudice, based on the forum-selection clause of the partnership agreement. The court later clarified its

order, holding that count I was "dismissed with prejudice"; and that the remaining claims against BGC were "dismissed with prejudice to refiling in Illinois, but without prejudice to filing in Delaware." Additionally, the court granted the plaintiff's motion to voluntarily dismiss Webster, Troy and BGC Partners, Inc., and they were "voluntarily dismissed without prejudice."

¶ 13 Clearly the dismissal of count I was a final order as it was entered "with prejudice." We find that the dismissal of the remaining counts against BGC was also a final order as it terminated the plaintiff's right to bring those claims in Illinois. See *Dace International, Inc. v Apple Computer, Inc.*, 275 Ill. App. 3d 234 (1995) (reviewing the circuit court's grant of the defendant's section 2-619 motion asserting that the parties' forum-selection clause required claims be brought in California). As to the court's inclusion of the language "without prejudice to filing in Delaware," we deem that language superfluous and note that the substance of the court's order demonstrates that the order was a final one as to the plaintiff's ability to bring his common-law claims against BGC in Illinois. See *Schal Bovis, Inc. v. Casualty Insurance Co.*, 314 Ill. App. 3d 562, 567 (1999) (appealability of an order is based on its substance); *Nemanich v. Dollar Rent-A-Car Services, Inc.*, 90 Ill. App. 3d 484, 486-87 (1980) (interpreting court order "transferring" action to California as a final and appealable order).

¶ 14 Finally, when the plaintiff voluntarily dismissed the remaining defendants (Troy, Webster, and BGC Partners), the final orders relating to the dismissal of the claims against BGC became appealable. *Dubina*, 178 Ill. 2d at 503. The fact that the plaintiff could refile the voluntarily dismissed claims within one year is irrelevant to the appealability of the order as our supreme court has held that such actions are new actions and not a continuation of the prior proceeding. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 469 (2008); *Dubina*, 178 Ill. 2d at 503. We therefore conclude that we have jurisdiction under Rule 301 to entertain this appeal.

¶ 15 Turning to the merits of this appeal, we note that the plaintiff argues only that the circuit court erred in dismissing count I of his first amended complaint in response to BGC's section 2-619(a)(9) motion by reason of the forum-selection clause contained in the partnership agreement. He makes no argument in his brief as to the propriety of the dismissal of the remaining counts pled against BGC, and the issue is, therefore, forfeited. Ill. S. Ct. R. 341(h) (eff. Feb. 6, 2013); *Vancura v. Katris*, 238 Ill. 2d 352, 369 (2010).

¶ 16 A forum-selection clause in a contract is *prima facie* valid and, courts should enforce it unless the opposing party shows that enforcement would contravene the strong public policy of the state in which the case is brought (*Yamada Corp. v. Yasuda Fire & Marine Insurance Co.*, 305 Ill. App. 3d 362, 367 (1999)) or that enforcement would be unreasonable under the circumstances such that the selected forum " 'will be so gravely difficult and inconvenient that [the opposing party] will for all practical purposes be deprived of [its] day in court' " (*Calanca v. D&S Manufacturing Co.*, 157 Ill. App. 3d 85, 87-88 (1987) (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972))). In this case, the plaintiff argues only that the circuit court erred in determining that the parties' forum-selection clause did not violate the public policy of Illinois; he has made no argument that enforcement would be unreasonable under the circumstances. Consequently, the latter issue has also been forfeited. *Vancura*, 238 Ill. 2d at 369.

¶ 17 The United States Supreme Court has stated that a forum-selection clause "should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Zapata Off-Shore Co.*, 407

- 5 -

U.S. at 15. There is no public policy in Illinois disfavoring forum-selection clauses as such. *Yamada Corp.*, 305 Ill. App. 3d at 371. In fact, Illinois public policy favors the enforcement of forum-selection clauses, and the plaintiff fails to point to any applicable Illinois judicial or statutory declaration to the contrary. Rather, the plaintiff argues that, in this case, enforcement of the parties' forum-selection clause and the consequent dismissal of count I of his first amended complaint violates the public policy of Illinois which is embodied in the Act. In support of his argument in this regard, the plaintiff relies upon *English Co. v. Northwest Envirocon, Inc.*, 278 Ill. App. 3d 406 (1996), and *Maher & Associates, Inc. v. Quality Cabinets*, 267 Ill. App. 3d 69 (1994). However, we find the plaintiff's reliance on these cases misplaced.

¶ 18    In *English*, the circuit court determined that the parties' forum and choice-of-law clauses violated Illinois public policy found in the antiwaiver section of the Illinois Sales Representative Act (820 ILCS 120/2 (West 1992)). *English*, 278 Ill. App. 3d at 408. However, the appellate court reversed the circuit court's decision on the basis that the statute did not apply to the defendant. *Id.* at 415-16. Here, the Act does not contain an antiwaiver section or any similar provision.

¶ 19    Next, we question the analysis in *Maher*, which found that the forum-selection clause in the parties' agreement was void as against the public policy of Illinois contained in the antiwaver section of the Illinois Sales Representative Act (820 ILCS 120/2 (West 1992)). When the *Maher* court determined that the forum-selection clause violated public policy, it failed to address the issue of whether a court in the parties' selected forum could apply the Illinois Sales Representative Act. Rather, the court in *Maher* merely relied on a federal district court's memorandum order and concluded that the forum-selection clause was void because the Illinois legislature had pronounced that "protecting sales representatives is fundamental public policy in Illinois." *Maher*, 267 Ill. App. 3d at 75. Accordingly, we do not find the holding in *Maher* persuasive on the narrow issue the plaintiff raises in this case.

¶ 20    Neither do we find the holding in *Mueller Co. v. Department of Labor*, 187 Ill. App. 3d 519, 524 (1989), relevant to the case at bar. In *Mueller*, the parties' employment contract attempted to alter the meaning of "earned" vacation time, and the court found that the contract could not change the employee's rights to vacation time afforded under the Act. *Id.* In this case, the forum-selection clause in the partnership agreement did not seek to modify or eliminate the plaintiff's rights under the Act; it merely provided for the resolution of disputes arising out of the partnership agreement in Delaware courts.

¶ 21    Contracts between businessmen, such as the one entered into in this case, should be enforced by courts, absent some compelling reason why they should not be enforced. *Calanca*, 157 Ill. App. 3d at 88. The plaintiff fails to convince us that the forum-selection clause in a contract should be voided on public policy grounds merely because a court in a forum other than Illinois might be required to resolve a claim based upon an Illinois statutory cause of action. The foregoing analysis leads us to conclude that it should not be. We find, therefore, that the circuit court correctly declined to declare the forum-selection clause in the partnership agreement void as against Illinois public policy.

¶ 22    However, our analysis continues as the circuit court not only dismissed count I of the plaintiff's amended complaint by reason of the forum-selection clause in the partnership agreement, it did so "with prejudice." Although we generally review dismissals pursuant to section 2-619 of the Code *de novo*, the question of whether that dismissal should have been

"with prejudice" is a matter committed to the sound discretion of the circuit court, and we, therefore, review its resolution of that issue using an abuse of discretion standard. See *Bruss v. Przybylo*, 385 Ill. App. 3d 399, 405 (2008); *Muirfield Village-Vernon Hills, LLC v. K. Reinke, Jr., & Co.*, 349 Ill. App. 3d 178, 195 (2004).

¶ 23    A decision enforcing a forum-selection clause has no bearing on the question of whether there are any facts which the plaintiff can prove that will entitle him to recover, *i.e.*, the merits of his claim. Rather, the decision only resolves the issue of where the plaintiff may litigate the merits of his claim. *Zapata Off-Shore Co.*, 407 U.S. at 12. Dismissal of an action based upon a forum-selection clause is not an adjudication of the merits of a plaintiff's claim. See *A.W. Wendell & Sons, Inc. v. Qazi*, 254 Ill. App. 3d 97, 108 (1993).

¶ 24    A dismissal "with prejudice" is regarded as a final judgment on the merits and is deemed to be as conclusive of the rights of the parties as if the matter had proceeded to trial and been resolved by a final judgment adverse to the plaintiff. *People v. Chicago & Illinois Midland Ry. Co.*, 258 Ill. App. 3d 409 (1994). Consequently, since the dismissal of a cause of action based upon the enforcement of a forum-selection clause, as is the case here, is not an adjudication on the merits, we conclude that the circuit court abused its discretion in dismissing count I of the plaintiff's first amended complaint "with prejudice."

¶ 25    Based upon the foregoing analysis, we could simply exercise our authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994) and amend the dismissal of count I to reflect that it is without prejudice to the plaintiff's right to pursue his claim under the Act in the Delaware courts. However, since the decision of whether count I should, or should not, be dismissed "with prejudice" rests on the enforceability of the choice-of-law clause of the partnership agreement and not the forum-selection clause, we decline to do so.

¶ 26    In the section 2-615 portion of its motion, BGC sought dismissal of count I of the plaintiff's first amended complaint based upon the choice-of-law clause contained in the partnership agreement. The circuit court never ruled on the issue and the parties have not addressed the question in their briefs before this court. We believe, therefore, that the appropriate course of action for us to take is to reverse the "with prejudice" dismissal of count I of the plaintiff's first amended complaint based upon the forum-selection clause and remand the matter to the circuit court with directions to rule on BGC's section 2-615 grounds for dismissal of count I. In the event that the circuit court grants BGC's motion to dismiss count I based upon the choice-of-law clause in the partnership agreement, the dismissal should be entered "with prejudice." However, in the event that the circuit court denies the motion, then a dismissal without prejudice to the plaintiff's right to bring his claim against BGC under the Act in the Delaware courts should be entered.

¶ 27    Reversed and remanded with directions.