2022 IL App (1st) 210423-U

FIFTH DIVISION
June 30, 2022

No. 1-21-0423

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| EMILY DIVARCO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 CH 7874 |
| | ) | |
| 5935 N. ODELL CONDOMINIUM, | ) | |
| ASSOCIATION, an Illinois not-for-profit | ) | |
| Corporation, | ) | Honorable |
| | ) | Eve M. Reilly, |
| Defendant- Appellant, | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Delort and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's judgment granting Ms. Divarco's motion for summary judgment
is affirmed.

¶ 2    On July 1, 2019, the plaintiff-appellee, Emily Divarco, filed a two-count civil complaint in

the circuit court of Cook County against the defendant-appellant, 5935 N. Odell Condominium

Association (the Association). The complaint sought a declaratory judgment as to the use of an

easement on the Association's property. On June 1, 2020, the circuit court granted partial summary

judgment in favor of Ms. Divarco, declaring that she was entitled to exclusive use of the easement

and setting the remaining count of the complaint for a status hearing on another date.

¶ 3    On February 18, 2021, the circuit court denied the Association's motion to reconsider its order of June 1, 2020, and entered judgment in favor of Ms. Divarco. On March 19, 2021, the circuit court denied the Association's motion to vacate the February 18, 2021, order and on that same date, the court granted Ms. Divarco's motion to voluntarily dismiss the remaining claim of her complaint. The Association now appeals. On appeal, the Association argues that the circuit court erred by granting summary judgment in favor of Ms. Divarco and finding that Ms. Divarco and successive owners of her property are entitled to exclusive use of the easement. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 4                                    BACKGROUND

¶ 5    A dispute arose amongst the parties over the use of a 25-foot by 31-foot easement on the Association's land. The easement was established in a "Declaration of Easements" stating, "[a]n easement for parking and driveway purposes for the use of Parcel 1 as hereinbefore described is hereby created over and across the North 25 feet of the East 31 feet as measured along the North line and the East line of Parcel 2 aforesaid." According to the "Declaration of Easements," the "easements shall be used in common by the present and future owners, occupants and mortgagees of, and all persons now or hereinafter acquiring any interest in the respective parcels hereinbefore described." The current owner of Parcel 1 is Ms. Divarco, and the current owner of Parcel 2 is the Association. Starting on approximately June 18, 1999, the Association began occasionally parking vehicles in the easement. However, in approximately September 2018, the Association painted diagonal hash marks along one of the parking spaces and painted markings in the other two parking spaces, labeling them "1E" and "2E." At some point between 2014 and September 2018, the Association began parking cars on the easement on a regular, continuous, and "first-come first-

serve basis." At a meeting between the parties after September 2018, the Association stated it intended to rent out the parking spaces to its residents, to which Ms. Divarco objected, stating that she needed the three parking spaces for her residents. Over the following months, the parties feuded over the parking spaces by repainting the parking spaces in accordance with their intended use of the easement.

¶ 6 On July 1, 2019, Ms. Divarco, filed a two-count civil complaint against the Association, seeking a declaratory judgment as to the use of the easement. Count I sought a declaration that Ms. Divarco is to have exclusive use of the easement, that the Association's signage near the parking spaces is to be removed, and that the parking spaces are to be repainted in accordance with the declaration. Count II of the complaint sought damages due to trespass and obstruction by the Association, which prevented Ms. Divarco from making use of the parking spaces. On October 22, 2019, after the Association filed its answer, Ms. Divarco filed a motion for partial summary judgment as to count I of the complaint, arguing that the language in the "Declaration of Easements" is unambiguous and entitled her to exclusive use of the easement. On that same date, the Association filed a motion for judgment on the pleadings, asserting that the language of the "Declaration of Easements" is unambiguous but the easement was nonetheless meant for common use between the parties.

¶ 7 On June 1, 2020, the trial court entered a judgment in favor of the Ms. Divarco, granting Ms. Divarco's motion for partial summary judgment as to count I of her complaint. The order also denied the Association's motion for judgment on the pleadings. The trial court, in its written ruling, stated that the concurrent use of the parking spaces, which the Association sought, was not viable since "[p]arking spaces in the cities are commodities which cannot be used simultaneously." Moreover, the trial court noted that the Association had removed one of the three parking spaces

by repainting it. The court went on to find that the language in the "Declaration of Easements," stating that the easement "shall be used in common by the present and future owners, occupants and mortgagees of, and all persons now or hereinafter acquiring any interest in the respective parcels," referred to the easement running with the land and how the interest of the easement will pass over time. [1] The trial court ruled that the most reasonable interpretation of the easement was: "Parcel 1 has exclusive use of the three parking spaces on Parcel 2." Since Ms. Divarco is the owner of Parcel 1, the trial court held that she is entitled to exclusive use of the entire easement. The court scheduled count II of Ms. Divarco's complaint for a status hearing at a later date.

¶ 8    On September 8, 2020, Ms. Divarco filed a motion for entry of a final judgment order. The motion requested that the trial court enter a detailed order, which would be filed with the Cook County Recorder of Deeds, to provide constructive notice and prevent future disputes regarding the easement. In the motion, Ms. Divarco also sought to voluntarily dismiss count II of her complaint without prejudice. On October 2, 2020, the Association filed a motion requesting that the court reconsider its June 1, 2020, order, in which it found that Ms. Divarco had the right to the exclusive use of the easement. On February 18, 2021, the trial court denied the Association's motion to reconsider its June 1, 2020, order and entered judgment in favor of Ms. Divarco. The court's order granted Parcel 1 exclusive use of the easement on Parcel 2 and scheduled a status hearing on count II of the complaint. On March 9, 2021, the Association filed a motion to vacate the court's February 18, 2021, order. On March 19, 2021, the court denied the Association's motion to vacate the February 18, 2021, order and, on that same date, the court granted Ms.

---

[1]An easement runs with the land when "every successive assignee of the land is entitled to enforce the covenant, and entitled to the benefits or obligations passing with the covenant, if the act to be done or permitted concerns the land or the estate conveyed." *C-B Realty & Trading Corp. v. Chicago and North Western Railroad Co.*, 198 Ill. App. 3d 926, 930 (1990).

No. 1-21-0423

Divarco's motion to voluntarily dismiss count II of her complaint. On April 15, 2021, the Association filed a notice of appeal.

¶ 9                                                    ANALYSIS

¶ 10    We *sua sponte* raise the question of whether this court has jurisdiction to consider the Association's appeal. "[C]ourts of review have an independent duty to consider jurisdiction." *People v. Lewis*, 234 Ill. 2d 32, 36 (2009). Jurisdiction grants the court the power to interpret and apply the law. *In re M.W.*, 232 Ill. 2d 408, 414 (2009).

¶ 11    Pursuant to Supreme Court Rule 301 (eff. Feb. 1, 1994), final orders are appealable as a matter of right. An order or judgment is final only if "it disposes of the rights of the parties, either on the entire case or on some definite or separate part of the controversy." *Fabian v. BGC Holding, LP*, 2014 IL App (1st) 141576, ¶ 12. Therefore, an order granting a voluntary dismissal, which disposes of the rights of the parties or the entire case, is a final and appealable order pursuant to Supreme Court Rule 301 (eff. Feb. 1, 1994). *BGC Holding, LP*, 2014 IL App (1st) 141576, ¶ 14. In this case, on March 19, 2021, after the trial court had ruled on count I, it granted Ms. Divarco's request to voluntarily dismiss count II, resolving the complaint in its entirety. That voluntary dismissal made the March 19, 2021, order final and appealable, as no more claims remained pending before the trial court. See *BGC Holding, LP*, 2014 IL App (1st) 141576, ¶ 14. On April 15, 2021, the Association then filed a timely notice of appeal following the trial court's judgment. Ill. S. Ct. R. 303 (eff. July 1, 2017). Thus, we have jurisdiction to consider this matter. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 12    The Association presents the following issue on appeal: whether the trial court erred by granting summary judgment in favor of Ms. Divarco and finding that she is entitled to exclusive use of the easement in question. The Association argues the trial court erred by granting summary

- 5 -

judgment and finding that the easement was for the exclusive use of Ms. Divarco. It claims that the court used extrinsic evidence to come to its conclusion, in violation of Illinois law on easements. Specifically, the Association asserts that the trial court improperly considered the parties' use of the easement as well as the logistical issues presented by sharing the easement.

¶ 13     Summary judgment is appropriate only when " 'the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 20 (quoting 735 ILCS 5/2-1005(c) (West 2020)); *Illinois State Bar Association Mutual Insurance Co. v. Canulli*, 2020 IL App (1st) 190142, ¶ 20. Our review of a trial court's summary judgment ruling is *de novo*. *Dumke v. City of Chicago*, 2013 IL App (1st) 121668, ¶ 11.

¶ 14     In the instant matter, summary judgment was granted by the trial court on the basis that the "Declaration of Easements" entitles Ms. Divarco, as the owner of Parcel 1, to the exclusive use of the easement in question. Interpretation of an easement involves the principles of contract law. *River's Edge Homeowners' Ass'n v. City of Naperville*, 353 Ill. App. 3d 874, 878 (2004). Interpretation of an easement is a question of law, and where the language of an easement is unambiguous, the trial court interprets the easement without the use of extrinsic evidence. *Hahn v. City of Kane*, 2012 IL App (2d) 110060, ¶ 12. The land benefitting from the easement is the dominant estate and the land burdened with the easement is the servient estate. *Chicago Title Land Trust Co. v. JS II, LLC*, 2012 IL App (1st) 063420, ¶ 32. "The law of easements is based on a principle of concurrent rather than exclusive use." *Village of Round Lake v. Amann*, 311 Ill. App. 3d 705, 718 (2000). "Absent an agreement to the contrary, the servient owner may use his property for any purpose consistent with the dominant owner's enjoyment of his easement." *McMahon v.*

*Hines*, 298 Ill. App. 3d 231, 239 (1998). However, easements are to be construed in a way to carry out the intention of the parties. *572 S. Clinton, LLC v. Westloop Equities, LLC*, 2014 IL App (1st) 131401, ¶ 28.

¶ 15    The trial court in its June 1, 2020, order, regarding the use of the easement in question, acknowledged that concurrent use of an easement is favored. However, the court found that such use was not feasible in this case when considering the use of the easement for parking. It noted that, while a driveway could be used concurrently, a parking space could not. The owner of a dominant estate has a right to use the easement and exclude the servient owner's use of it when the servient owner's "intended or actual use unreasonably interferes with the dominant estate's use. It is in this sense that reasonable use by a dominant estate may be 'exclusive' to the use of the easement by the owner of the servient estate." *Chicago Title Land Trust Co.*, 2012 IL App (1st) 063420, ¶ 76.

¶ 16    Here, the "Declaration of Easements," which created the easement, clearly established an easement on the Association's property to be used for parking. Without looking at extrinsic evidence and just looking at the language in the "Declaration of Easements," the court's conclusion of the use of the easement is reasonable and consistent with established law. Parking can only be used by one vehicle or a set of vehicles at a time and *cannot be used concurrently* as the Association contends. As such, the intention of the parties, when drafting the "Declaration of Easements," was to create exclusive use of the easement for parking by the owner of Parcel 1 or, stated differently, Ms. Divarco and successive owners of Parcel 1. The use of the "in common" language cited by the Association to support its point simply highlights that the easement was to run with the land. The Association's argument that multiple vehicles can share the parking space simultaneously leads to an illogical result that is not feasible in actuality. To illustrate this point, if the concurrent

use of the easement was allowed and used as the Association suggests on a first-come first-serve basis, the Association could have vehicles parked there 24 hours a day, 7 days a week. That would effectively bar Ms. Divarco's property, the dominant estate, from using the easement at all. Thus, the purpose of the creation of the easement would be frustrated. That result could not have been the intention of the parties who created the easement. Consequently, the only reasonable conclusion to be drawn from the "Declaration of Easements" was to grant exclusive use of the easement for parking by the owner of Parcel 1 or Ms. Divarco. There is no other reasonable conclusion to be drawn from the "Declaration of Easements" other than that Ms. Divarco is entitled to exclusive use of the easement. Accordingly, the trial court did not err in its judgment granting summary judgment in Ms. Divarco's favor on those grounds. See *Duniver v. Clark Material Handling Co.*, 2021 IL App (1st) 200818, ¶ 12 (summary judgment is appropriate if no material fact is in dispute and if reasonable persons could not draw differing inferences from the undisputed material facts). We, therefore, affirm the trial court's judgment.

¶ 17                                    CONCLUSION

¶ 18     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County granting Ms. Divarco's motion for summary judgment.

¶ 19     Affirmed.