2025 IL App (1st) 250025-U

FOURTH DIVISION
Order filed: June 26, 2025

No. 1-25-0025

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MICHAEL J. KEATON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23M3007809 |
| | ) | |
| DIRECT AUTO INSURANCE CO., | ) | Honorable |
| | ) | Mary Colleen Roberts, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's order converting its prior dismissal of the plaintiff's first amended complaint without prejudice into a dismissal with prejudice is affirmed. The circuit court did not deny the plaintiff due process by recalling the case without the plaintiff present. The circuit court did not abuse its discretion by converting its prior dismissal without prejudice into a dismissal with prejudice, or by denying the plaintiff's motion to vacate.

¶ 2    The plaintiff, Michael J. Keaton, appeals from orders of the circuit court converting its

prior dismissal of his first amended complaint without prejudice into a dismissal with prejudice,

and denying his motion to vacate the dismissal with prejudice. For the reasons which follow, we affirm.

¶ 3    On December 6, 2023, the plaintiff filed a *pro se* two count complaint against the defendant, Direct Auto Insurance Co. The complaint alleged that the defendant failed to fully reimburse the plaintiff for vehicle repairs after he was involved in a single car accident. The complaint was 16 pages long and contained 129 paragraphs. The complaint described the accident, the plaintiff's attempts to repair his vehicle, and his communications with the defendant regarding his insurance claim. The first count alleged a breach of contract claim, and the second count alleged that the defendant violated the Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 (West 2022).

¶ 4    On May 21, 2024, the defendant filed a motion to dismiss pursuant to Section 2-615 of the Code of Civil Procedure, 735 ILCS 2-615 (West 2024). The motion to dismiss argued that (1) the Improper Claims Practices Act (215 ILCS 5/154.6 (West 2024)) does not create a private right of action, (2) the allegations of the complaint that were not based on the four corners of the contract should be stricken, (3) the plaintiff failed to state a cause of action under the Consumer Fraud and Deceptive Practices Act, and (4) the plaintiff's claim based on the Consumer Fraud and Deceptive Practices Act improperly contained a jury demand.

¶ 5    On July 1, 2024, the circuit court granted the defendant's motion to dismiss. The circuit court granted the plaintiff 28 days to file an amended complaint, and ordered that the plaintiff was "barred from repleading any allegations regarding deceptive claim practices". The court also directed that "any breach of contract count allegations shall adhere to the four corners of the contract".

¶ 6    On July 29, 2024, the plaintiff filed a first amended complaint, which raised a single breach of contract count. The first amended complaint was 15 pages long and contained 114 paragraphs. The complaint continued to set forth a lengthy narrative regarding the plaintiff's efforts to repair his vehicle and his communications with the defendant regarding his claim.

¶ 7    On September 4, 2024, the defendant filed a Section 2-615 motion to dismiss the first amended complaint. The motion argued that the first amended complaint violated Section 2-603 of the Code of Civil Procedure as it was not a "concise statement of the pleader's cause of action" (735 ILCS 5/2-603 (West 2024)), and contained numerous factual allegations that were irrelevant to the contract in violation of the circuit court's order on July 1, 2024.

¶ 8    On September 9, 2024, a hearing was held on the defendant's motion to dismiss the first amended complaint. According to the bystander's report approved by the circuit court, "the court rebuked plaintiff for failing to heed the court's admonishment regarding re-pleading when the court dismissed Plaintiff's original complaint." After the hearing, the circuit court entered an order dismissing the first amended complaint without prejudice, and granted the plaintiff leave to file a second amended complaint by October 7, 2024. No second amended complaint was filed by that deadline.

¶ 9    On December 4, 2024, at 10:00 A.M., the parties appeared via Zoom for a status hearing. At the hearing, the plaintiff represented that he had filed a second amended complaint by the deadline of October 7, 2024. Defense counsel stated that he had not seen a second amended complaint, and requested time to file a motion to dismiss. The circuit court remarked that the case was over a year old and that the defendant had "not responded to a complaint that has been on file since the beginning of October" and denied the request. The court ordered the defendant to respond

to the second amended complaint within 28 days, and set a status date for February 5, 2025. The plaintiff immediately logged off the Zoom call.

¶ 10    The defendant's counsel located an electronic docket for the case demonstrating that no second amended complaint had been filed, and asked for the case to be recalled. The defendant's counsel emailed the plaintiff at 10:10 A.M., prior to the case being recalled, stating "[p]lease log back into the zoom call." The plaintiff sent an email to the defendant's counsel at 10:12 A.M. from the same email address, sending a copy of his second amended complaint. The plaintiff did not address the request to log back into the Zoom call.

¶ 11    The case was recalled without the plaintiff present. Defense counsel stated that the plaintiff had misled the court as a second amended complaint had not been filed, which the circuit court confirmed. Defense counsel informed the court that he had emailed the plaintiff asking him to log back in to the Zoom call and that the plaintiff had sent an email from the same account a few minutes later. The circuit court stated that the plaintiff "failed to timely file a Second Amended Complaint by two months and violated a court order ordering the same" and "as such the court is converting the dismissal without prejudice from September 9, 2024, to a dismissal with prejudice." After the hearing, the circuit court entered an order dismissing the plaintiff's action.

¶ 12    On December 13, 2024, the plaintiff filed a motion to vacate the circuit court's order of December 4, 2024. The motion to vacate argued that the circuit court's order was entered after an improper *ex parte* request for reconsideration by the defendant, and that the plaintiff made a good faith mistake as he believed that he had filed the second amended complaint on October 7, 2024. The motion stated that the plaintiff discovered that he uploaded a draft of the second amended complaint into the e-file system, but it was not filed. The motion asked the circuit court to enter an

order reflecting its original ruling during the hearing on December 4, 2024, requiring the defendant to file an answer to the second amended complaint within 28 days and setting a status hearing for February 5, 2025.

¶ 13 On December 19, 2024, the plaintiff filed his second amended complaint without leave of court. The proposed second amended complaint contained four counts, totaling 20 pages and containing 157 paragraphs. The complaint contained a lengthy narrative regarding the plaintiff's efforts to repair his vehicle and communications with the defendant regarding his claim.

¶ 14 The circuit court held a hearing on the plaintiff's motion to vacate on December 31, 2024. After the hearing, the circuit court entered an order denying the plaintiff's motion to vacate, and reiterating that its order on September 9, 2024, was converted to a dismissal with prejudice due to the plaintiff's failure to file a second amended complaint by the deadline of October 7, 2024. This appeal follows.

¶ 15 On appeal, the plaintiff argues that (1) the circuit court's order of December 4, 2024, resulted from impermissible *ex parte* communications between defense counsel and the circuit court in violation of Illinois Code of Judicial Conduct Rule 2.9(A) and his right to due process, (2) the circuit court erred by dismissing the case with prejudice due to his failure to file a second amended complaint by the deadline based on a filing error, and (3) the circuit court erred in denying his motion to vacate.

¶ 16 The plaintiff first argues that the circuit court's order on December 4, 2024, was a result of an improper *ex parte* communication initiated by the defendant's counsel. The defendant argues that the case was properly recalled on December 4, 2024, that the plaintiff was informed that the

case would be recalled and failed to appear, and that there was no *ex parte* communication between defense counsel and the court. We agree with the defendant.

¶ 17     Rule 2.9(A) of the Illinois Code of Judicial Conduct states that "[a] judge shall not initiate, permit, or consider *ex parte* communications or consider other communications made to the judge outside the presence of the parties or their lawyers concerning a pending or impending matter[.]" Illinois Code of Judicial Conduct, Rule 2.9(A) (eff. May 17, 2023). Due process requires notice and a meaningful opportunity to be heard. *Mohorn-Mintah v. Board of Education of the City of Chicago*, 2019 IL App (1st) 182011, ¶ 31. We review *de novo* whether a party was denied due process. *Illinois Auto Dealers Ass'n v. Office of the Illinois Secretary of State*, 2024 IL App (1st) 230100, ¶ 40.

¶ 18     The plaintiff asserts that the defendant's counsel engaged in improper *ex parte* communication by emailing unidentified documents to the circuit court and calling the circuit court's chambers directly to have the case recalled. However, the record does not support the plaintiff's assertion that any such communication occurred. The bystander's report only states that "Defendant then asked to be recalled" and that the defendant's counsel emailed the plaintiff asking him to log back in to the Zoom call. The bystander's report does not specify to whom the request to recall the case was directed, and does not support the plaintiff's position that defense counsel sent the request directly to the circuit judge. There is no evidence that any *ex parte* communication between the defendant's counsel and the judge occurred prior to the case being recalled.

¶ 19     The plaintiff argues that the circuit court held an improper *ex parte* hearing when it recalled the case without him present. However, the plaintiff was asked to log back into the Zoom call by email before the case was recalled, and the plaintiff emailed the defendant's counsel two minutes

later from the same email address, but he did not log back in to the status hearing. While the plaintiff argues that the email asking him to return to the Zoom hearing was insufficient notice, the defendant is correct that there is no precedent requiring a certain type of notice when a party is requested to return to a hearing due to a case being recalled. Under these circumstances, we find that an email from defense counsel a few minutes after the plaintiff had left the Zoom hearing was sufficient notice that the case was being recalled, particularly given that the plaintiff sent an email to defense counsel a few minutes later. As the plaintiff received notice that the case would be recalled, the circuit court's decision to hear the case in his absence did not constitute an *ex parte* communication, nor did it deny him due process.

¶ 20    The plaintiff next argues that the circuit court erred by converting the dismissal of his first amended complaint without prejudice into a dismissal with prejudice, as his failure to file a second amended complaint by the deadline was the result of a good faith filing error. We disagree.

¶ 21    Typically, we review *de novo* the circuit court's dismissal of a complaint pursuant to Section 2-615 of the Code of Civil Procedure. *King v. First Capital Financial Servs. Corp.*, 215 Ill. 2d 1, 12 (2005). However, the plaintiff does not challenge the merits of the dismissal of his first amended complaint, but instead challenges the circuit court's order converting the dismissal without prejudice into a dismissal with prejudice. The circuit court's decision to dismiss a complaint with prejudice is reviewed for an abuse of discretion. *Fabian v. BGC Holdings, LP*, 2014 IL App (1st) 141576, ¶ 22. When we review for an abuse of discretion, the inquiry is not whether we agree with the circuit court's decision, but rather if the circuit court "acted arbitrarily, without employing conscious judgment, or whether, in view of all the circumstances, the court exceeded the bounds of reason and ignored recognized principles of law so that substantial

prejudice resulted." *State Farm Fire & Casualty Co. v. Leverton*, 314 Ill. App. 3d 1080, 1083 (2000).

¶ 22    The plaintiff was given two opportunities to replead his complaint. The first amended complaint failed to address issues identified in the circuit court's order dismissing his original complaint, specifically the failure to keep the allegations of the plaintiff's breach of contract claim to the "four corners of the contract". The plaintiff was given an opportunity to file a second amended complaint by October 7, 2024. The plaintiff failed to file a second amended complaint by that deadline, although he asserts that he attempted to do so. The circuit court acted within its discretion by converting its prior order dismissing the first amended complaint without prejudice into a dismissal with prejudice based on the plaintiff's failure to meet the deadline to file a second amended complaint and his failure to comply with the court's orders regarding repleading unnecessary factual allegations. See *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 68-70 (1995) (finding no abuse of discretion when the complaint was dismissed with prejudice due to the plaintiff's failure to meet deadlines for amended pleadings and insistence on repleading allegations stricken from prior pleadings); *Capitol Indem. Corp. v. Stewart Smith Intermediaries, Inc.*, 229 Ill. App. 3d 119, 127 (1992) (affirming the dismissal of an amended complaint with prejudice when it "was only slightly less prolix than its predecessor and equally defective in stating a claim.").

¶ 23    The plaintiff argues that his failure to meet the deadline of October 7, 2024, was an innocent error due to his lack of familiarity with the e-filing system. We note that the record shows that the plaintiff had no difficulty filing documents throughout the case, including his original and first amended complaints. This is not a situation where an error with the court's filing system prevented the complaint from being filed before the deadline through no fault of the plaintiff. Rather, the

plaintiff's failure to meet the deadline was a result of his own error by failing to ensure that his second amended complaint had been successfully filed by the deadline.

¶ 24    The plaintiff also argues that the circuit court failed to consider less punitive measures than dismissal with prejudice given that the plaintiff only missed one deadline based on a good faith filing error. However, the circuit court acted within its discretion to dismiss the case with prejudice based on the missed deadline and failure to follow court orders. See *Nicholson v. Chicago Bar Ass'n*, 233 Ill. App. 3d 1040, 1045 (1992) ("The authority of the trial court to dismiss a plaintiff's action with prejudice because of her failure to abide by its orders is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the circuit court."). The circuit court was not obligated to consider other measures when it had given the plaintiff two opportunities to replead his allegations into a more concise form, but he failed to do so.

¶ 25    The plaintiff's final argument is that the circuit court erred by denying his motion to vacate, as he showed sufficient diligence by promptly discovering his failure to file a second amended complaint by the deadline and filing a motion to vacate nine days after the order on December 4, 2024. We disagree.

¶ 26    The plaintiff filed his motion to vacate under section 2-1301(e) of the Code of Civil Procedure, which provides that the circuit court "may, in its discretion, before final order or judgment, set aside any default". 735 ILCS 2/5-1301(e) (West 2024). The defendant notes that the plaintiff also refers to his motion as a motion to reconsider under Section 2-1203 of the Code of Civil Procedure, which allows for a party to file a motion to vacate a judgment within 30 days. *Id.* § 5-1203(a). Regardless of how we characterize the plaintiff's motion, the circuit court's order

denying the motion is reviewed for an abuse of discretion. *Bangaly v. Baggiani*, 2014 IL App (1st) 123760, ¶ 185; *Cable Am., Inc. v. Pace Elecs., Inc.*, 396 Ill. App. 3d 15, 24 (2009).

¶ 27    The plaintiff asserts that he acted with diligence by promptly filing the motion to vacate upon realizing that his second amended complaint was not filed and explaining his error, and that the defendant suffered no prejudice. It is apparent that the plaintiff failed to verify that his second amended complaint had been filed when it was due on October 7, 2024. Further, at the status hearing on December 4, 2024, the plaintiff erroneously represented that the second amended complaint had been filed and served upon the defendant's attorney. The plaintiff failed to comply with the court's order dismissing his original complaint and instructing him to keep his allegations to the "four corners of the contract", resulting in the prompt dismissal of his first amended complaint. The plaintiff then filed his proposed second amended complaint without leave of court. He also failed to follow the court's instructions by continuing to plead prolix factual allegations. Based on these circumstances, we find that the circuit court did not abuse its discretion by denying the plaintiff's motion to vacate its order of December 4, 2024.

¶ 28    For the reasons stated above, we affirm the circuit court's orders of December 4, 2024, and December 31, 2024.

¶ 29    Affirmed.